SHAW, Administrator, *v.* KENT.

The conveyance of real estate by a parent to a child, will not operate as an advancement unless it be so intended.

Section 372, R. S. 1843, p. 555, touching advancements, does not enlarge or limit § 134, p. 439 of the same. To constitute an advancement to a child "by settlement or portion of real or personal estate," under the former section, such settlement or portion must have been so intended.

*Prima facie* evidence of such intention may be rebutted, and the intention shown to have been otherwise; and this would involve questions of fact as well as of law.

Where an administrator filed his account for the final settlement of an estate, and one of the heirs claimed the whole amount in the hands of the administrator, on the ground that the other heirs had been advanced, &c., and the subject was referred, and upon the report of the referee that he was entitled to the whole amount, judgment was entered accordingly, though the administrator demanded to have the question tried by a jury: *Held*, on appeal, that the trial by jury should have been granted, the record not showing that he had waived the right to such trial.

A waiver of the right, by consenting to the reference, cannot be implied from the fact that the record does not show that objection was made.

Where the record is thus silent, and no written consent to the reference appears to have been filed, a trial by a referee will, as a general rule, be held erroneous.

A party can waive his right to a trial by jury only in the modes specified by statute.

The Supreme Court will not affirm a judgment in a case in which the trial by jury was denied, on the ground that the cause was fairly tried and determined on its merits by the Court.

APPEAL from the *Tippecanoe* Court of Common Pleas.

WORDEN, J.—*Shaw*, the administrator [of *James Kent*, deceased], filed his account for final settlement of the estate, showing a balance in his hands for distribution among the heirs of the decedent, a part of which had been paid to *Susannah Price* and *Rachel Prater*, two of the heirs, and claiming, in right of his wife, another heir, a part of the sum in his hands. *James Kent*, jun., the appellee, and remaining heir, appeared and contested the account, and set up a claim to the entire amount in the hands of the administrator, on the ground that the other heirs had been advanced, in the lifetime of the deceased, to a greater amount than there was left for distribution. The matter was referred to a referee, or master commissioner, as he is styled in

the record, who reported that such advancements had been made, and that the appellee was entitled to the sum in the hands of the administrator; and judgment was entered accordingly.

It appears by a bill of exceptions, that the appellant demanded to have the question as to the advancements alleged, tried by a jury, but the Court overruled the application, on the ground that he had no right to have the same tried by a jury.

The alleged advancements consisted of conveyances of real estate. These conveyances were made under the statute of 1843. It is insisted that the statute of 1843 makes it an advancement for a parent to bestow property upon a child, and that, therefore, (the conveyances not being denied,) the question presented was a mere question of law. We think, however, that the conveyance of land by a parent to a child would not operate as an advancement, unless it was so intended. What would be the presumption in such case, it is not necessary for us to determine. The statute referred to, so far as it is necessary to allude to it in order to a correct understanding of this question, is as follows:

" Any estate, real or personal, that may have been given by any deceased person in his lifetime, as an advancement to any child, &c., shall be taken by such child, &c., towards his share of the estate of the deceased." R. S. 1843, p. 439, § 134.

This section clearly contemplates that the property must be given as an advancement, that is intended as such, in order to charge him with it in the distribution of the estate.

" If any child, &c., shall have been advanced by the deceased, by settlement or portion of real or personal estate, the value thereof shall be reckoned," &c. Id. p. 555, § 372.

This section, we think, does not, in this respect, at all enlarge or limit the other. To constitute an advancement to a child " by settlement or portion of real or personal estate," such settlement or portion must have been so intended. If the giving of land to a child is *prima facie*

VOL. XI.—6

evidence of an intent to advance him, still the door is open to rebut such evidence or presumption, and show that the intention was otherwise. This would involve questions of fact proper to be tried by a jury.

In addition to the constitutional provision on the subject of the right of trial by jury, it is provided by the statute for the settlement of decedents' estates, &c., that "trials by jury shall be allowed, at the request of any party, in all cases where there is an issue of fact." 2 R. S. p. 291, § 188.

We are of opinion that the appellant was entitled to have the matter tried by a jury, unless the record shows that he, in some way, waived such right. It is suggested by counsel for the appellee, that the right was waived, as the Court, *by consent of parties*, referred the matter to a referee. The record does not show such consent, unless it be implied from the fact that no objection affirmatively appears to have been made. After noting the filing of the account, the record proceeds to show that the Court referred it, saying nothing about the consent of parties, or whether they were present. The statute providing for trial by referees (2 R. S. p. 116, § 349) is as follows, viz.: "All or any of the issues in the action, whether of fact or of law, or both, may be referred, upon the written consent of the parties."

We are of opinion that where the record is entirely silent, as this is, and where no written consent appears to have been filed, a trial by a referee is erroneous. There may possibly be facts and circumstances which would make such trial valid; as, for instance, the conduct and acts of the party after the trial, fully acquiescing in it, and recognizing its validity; but we see nothing in the record before us that we think ought to dispense with the written consent.

If this reference is considered in the light of a reference to a master in chancery, under the old chancery practice, and the trial was really had before the Court, instead of a referee, the reference being merely to aid the Court, it be-

comes material to inquire whether the appellant waived his right to a trial by jury, and consented to a trial by the Court.

It is provided by § 340, 2 R. S. p. 115, that " the trial by jury may be waived by the parties in all actions, in the following manner:

" 1. By failing to appear at the trial.

" 2. By written consent in person, or by attorney, filed with the clerk.

" 3. By oral consent in open Court, entered on the record."

The record does not show that the appellant waived his right to a jury trial in either of the modes prescribed by the statute, and therefore it was not waived at all.

The familiar maxim, *expressum facit cessare tacitum*, very aptly applies to such case. The legislature have provided certain modes of waiving the right, and this impliedly excludes the idea of doing it in any other way.

It is suggested that, as substantial justice has been done between the parties, according to their respective rights; the Court ought not to disturb the proceedings for mere irregularities not touching the substantial rights of the case.

This suggestion would have much force in considering some other points, made by counsel in the case, which we have not noticed, and probably was intended to apply to them. But we may remark, in reference to this point, that although we might be satisfied that a full and fair trial was had, and that full and ample justice had been done by the Court in reference to the merits of the case, this would not authorize us to affirm the judgment. The right of a trial by jury is guarantied to parties by the constitution and laws of the state, and of this right they cannot be deprived in any case, upon the ground that the Court fairly tried and correctly determined it.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded for a new trial.

*E. H. Brackett,* for the appellant.

*S. A. Huff* and *E. A. Greenlee,* for the appellee.