## HAUSER v. ROTH ET AL.

SPECIFIC PERFORMANCE.—*Pleading.*—*Performance by Plaintiff.*—Suit by the widow and heirs of A. to enforce specific performance of a contract between A. and the defendant, for the conveyance by the latter to the former of certain real estate, on condition that A. should pay certain sums to the defendant at certain dates thereafter, and upon the further condition that A. should, at said dates, pay defendant any money that might then be due to the defendant from A., and which might be advanced to A., or on his account, by the defendant, after the making of the contract. The complaint alleged the making of said contract and set it out, and alleged the death of A., and that the plaintiffs were his widow and children, distinguishing which was the widow and which were the children, and alleged full payment and full compliance by A., and that plaintiffs had demanded a deed, which defendant refused to execute.

*Held*, that the complaint was good on demurrer.

MASTER IN CHANCERY.—*Waiver of Jury.*—*Oral Consent in Open Court.*—Where the defendant was present by attorney at the reference by the court of the cause to a special master in chancery, to inquire and find the facts in the case, and report the same with his conclusions of facts thereon, and complied with an order of the court requiring him to furnish a bill of particulars with the items of account claimed in his answer, and was present also when the report was made and ordered to be spread of record, having entered no objection to the orders at any stage of the proceeding;

*Held*, that it was too late for him to demand a jury trial, as the record of these facts disclosed such "oral consent in open court," as shown by the entries "on the record," as amounted to a waiver of a jury trial.

*Held*, also, that the action of the court in overruling a motion for a trial by jury could only be presented for review in the Supreme Court by a bill of exceptions.

BILL OF EXCEPTIONS.—*Report of Master.*—Exceptions to a report of a master must be presented on appeal by a bill of exceptions.

SAME.—*New Trial.*—*Affidavit.*—Affidavits filed in support of a motion for a new trial must be brought up on appeal by a bill of exceptions.

JUDGMENT.—*Exceptions.*—*Waiver.*—Although the report of a master does not authorize the judgment rendered, still, if no exception is taken, the error is waived.

APPEAL from the Tippecanoe Circuit Court.

WORDEN, C. J.—This was an action by the appellees, the widow and children of Stephen Roth, deceased, against the appellant, Meinrod Hauser, to enforce the specific performance of a contract for the sale and conveyance of certain real estate, executed by Hauser to Stephen Roth in his lifetime. The contract was in writing, and a copy was set out as a

part of the complaint. Demurrer to the complaint overruled, and exception taken. Answer filed, and issues formed. Cause referred to a master, who returned a finding of facts for the plaintiffs, on which judgment was rendered.

It is objected that the complaint was insufficient. The contract set out is as follows, viz.: "I have this day agreed to sell and convey to Stephen Roth, by a good warranty deed, the following described pieces or parcels of land in the county of Tippecanoe, and State of Indiana, and described as follows, viz.:" [Here follows the description.] "said tracts, containing in all twenty acres and sixty-two hundredths, more or less; on the express condition that Roth pays to me the sum of two thousand dollars, as follows, viz.: one thousand dollars and interest on the first day of December next, and one thousand dollars and interest on the first day of December, in the year 1862; and upon the further express condition that the said Roth shall, at the times above stated, also pay me the full amount of any moneys which shall then be due and owing from him to me, and which I may advance to him, or on his account, from and after this date.

"In witness whereof, I have hereunto set my hand and seal this 16th day of January, 1861.

"MEINROD HAUSER. [SEAL.]"

The complaint alleges the making of the above contract; that Stephen Roth died on the 7th of October, 1865; that the plaintiffs are his widow and children, stating specifically which is the widow, and which are the children; "that the decedent, in his lifetime, made full payment of said consideration, and did also pay to said defendant all sums of money due him upon any and all accounts whatever, and did fully comply with all stipulations and agreements in said title bond contained; and that the plaintiffs have made demand of the defendant for said warranty deed, which defendant refused to execute."

We think the complaint was clearly good.

There is no bill of exceptions in the record, nor was

any valid exception taken, except that to the overruling of the demurrer to the complaint.

It is claimed that error was committed in not allowing the appellant a trial by jury. The record, in that respect, stands as follows: Demurrers had been filed by the plaintiffs to the answers of the defendant, and the record shows that "on Wednesday, the 63d judicial day of said term, it being the 18th day of December, 1867, come the parties, by their said attorneys, and the court being now sufficiently advised in the premises, do overrule the plaintiffs' demurrer to the defendant's first, second, third, and fourth paragraphs of answer herein; and the plaintiffs except; and the plaintiffs now file their reply to said answer, which said reply reads as follows, to wit:" [Here the reply is set out.] "And thereupon the court do refer this cause to Henry F. Blodgett, Esq., whom the court appoint a special master in chancery, to inquire into and find the facts in this cause, and report the same, with his conclusions of facts thereon, to this court, on Monday, the 30th day of December, 1867; and the court do order that the defendant furnish to said master in chancery a bill of particulars of the items of account claimed in his answer herein; and thereupon the said Henry F. Blodgett now solemnly swears, in open court, that he will honestly, faithfully, and impartially discharge the duties of his trust as such special master in chancery in this cause; and day is given. And afterward, to wit, on the 31st day of December, 1867, come the parties, appearing as heretofore, and comes also the said Henry F. Blodgett, the special master in chancery, to whom this cause was heretofore, at the present term of this court, referred, and, on motion, files his report, accompanied by the evidence by him taken, and day is given.

"And afterward, to wit, on the 2d day of January, 1868, come the plaintiffs, by Behms, their attorneys; and the defendant, by Mattler and Wilson, his attorneys, also comes; and comes Henry F. Blodgett, the special master in chancery, appointed by the court in this behalf; and the court do

now order that the report and evidence produced and filed in this behalf, in open court, in this court, on the 31st day of December, 1867, by said special master in chancery, be spread of record on the order book of this court; which report and evidence read as follows, to wit:" Then follows the report of the master, with the evidence taken by him.

The report of the master shows that both parties introduced and examined sundry witnesses before him.

Then follows this entry: "And thereupon the defendant, by his counsel, after the filing of said report as aforesaid, moves the court that a jury be called to try said cause, which motion the court overrules, to which ruling of the court the defendant excepts." This is all that is shown by the record in reference to the demand of a trial by jury.

We have a statute providing for the appointment of master commissioners by the judges of the circuit and common pleas courts. 1 G. & H. 433. The last section of the act provides that "such master commissioners shall have the powers and discharge the duties herein mentioned which have heretofore been performed by masters in chancery, so far as the same may be consistent with existing laws." It is quite unnecessary to enter upon a discussion of the powers of a master under this statute, nor need we determine what cases, or for what purposes a cause may be referred to a master. The reference of a cause to a master to inquire into and find the facts in the cause, with directions to report the same to the court, as was done in this case, implies a trial of the cause by the court, and not by a jury. Such reference is a mere mode of enabling the court to arrive at the facts. And the question arises whether what is thus shown by the record amounts to a waiver of the right to a trial by jury. There can be no doubt that the case was one in which the parties were entitled to a jury trial, if not waived, and if properly demanded. The statute provides, that "the trial by jury may be waived by the parties in all actions, in the following manner: first, by failing to appear at the trial; second, by written consent in person, or by attorney, filed with the clerk; third,

by oral consent in open court entered on the record." 2 G. & H. 207, sec. 340.

We are of opinion that the record in this cause discloses such "oral consent in open court" by the entries "on the record." Here it will be seen that the parties were in court at the time the court made the order referring the cause to the master, and requiring the appellant to furnish him with a bill of the particulars of the items of account claimed in his answer. And herein the case differs from that of *Shaw v. Kent*, 11 Ind. 80, as there the record did not show the presence of the parties when the cause was referred.

In the case under consideration, the appellant, by his attorneys, was present when the order was made, and submitted, not only to the order of reference, but to the order requiring him to furnish the master with the specified bill of particulars, making no objection thereto whatever. He must be presumed, therefore, to have consented. If he had required a trial by jury, a mode entirely inconsistent with a reference of the cause to a master, he should then have objected to the reference. "It is held, where a party is in court, that every failure to assert a legal right at the proper time, during the progress of a cause, is a waiver of that right." *Preston v. Sandford's Adm'r*, 21 Ind. 156, and authorities there cited. The appellant did more than merely submit, without objection, to the order of reference; he appeared before the master and offered evidence in support of his defence. He did more than this, for he was present by his attorneys when the report of the master was filed, which he permitted to be done without objection; and finally, he was present when the court ordered the report of the master to be spread upon the order book, together with the evidence, and permitted that to be done without objection.

We hear of no demand for a jury trial until after the report of the master is spread upon the record. We think after all this had been done, it was too late for the appellant to demand a jury trial. It would hardly comport with the due administration of justice to permit the appellant to take

his chances of a favorable report from the master, and then, finding that against him, to elect to take a different mode of trial, viz., a trial by jury. All these steps taken under the reference, to which the appellant consented, because he was present and did not object, involve the consent of the appellant, entered on the record, to waive a jury trial, fully within the spirit of the statute above quoted.

But, in addition to the foregoing view, there is another, which of itself would be decisive of the question. There is no bill of exceptions in the record showing that the appellant demanded, or that the court refused, a trial by jury. All we know about it is the statement of the clerk in the transcript, as above set out. And here again the case differs from that of *Shaw* v. *Kent, supra,* as in that case such demand and refusal were shown by bill of exceptions.

The motion here does not appear to have been made in writing. No written motion is copied into the transcript, and it is not stated to have been in writing. It must, therefore, be presumed to have been made orally, if made at all.

The code provides, that "where the decision is not entered on the record, or the grounds of objection do not sufficiently appear in the entry, the party excepting must reduce his exception to writing, and present it to the judge for his allowance and signature," etc. 2 G. & H. 209, sec. 346.

Now, assuming that such motion may be made orally, and that it may be shown, by a bill of exceptions, to have been thus made and overruled, it does not follow that the statement of the clerk, without a bill of exceptions, is sufficient to show the making and character of such oral motion. Moreover, "the grounds of the objection" (to the decision) "do not sufficiently appear in the entry."

The decision objected to is that overruling the motion for a trial by jury. The ground upon which the motion was overruled does not appear, and hence the ground of objection to the decision cannot appear. The motion may have been overruled because, in the opinion of the court, the parties were not entitled to a jury trial, or upon the ground that

the appellant had waived it, or upon the ground that by some rule of the court the motion should have been in writing, or upon some other ground. Hence, the ground of objection to the decision is not made to appear in the entry, and should have been shown by bill of exceptions.

The record states that the appellant filed exceptions to the report of the master, which were overruled by the court, and the appellant excepted; but in the absence of a bill of exceptions showing these things and the grounds of the ruling, we cannot notice this point. The same may be said in reference to a motion for a new trial, founded, in part, on affidavits that have found their way into the transcript without bill of exceptions. *Blizzard* v. *Phebus*, 35 Ind. 284.

Finally, the court rendered judgment on the report of the master, and to this no objection was made or exception taken in any form whatever. If the report of the master did not warrant the judgment, still, as no exception was taken, the error was waived. *Train* v. *Gridley*, 36 Ind. 241.

There is no available error in the record; hence the judgment must be affirmed.

The judgment below is affirmed, with costs.*

*W. C. Wilson, R. C. Gregory,* and *F. J. Mattler*, for appellant.

*G. O. Behm, A. O. Behm, Z. Baird, C. A. Ray,* and *J. M. Davidson*, for appellees.

*Petition for a rehearing overruled.