## McGILLIS ET AL. *v.* SLATTERY.

PRACTICE.—*Master Commissioner.—Report.*—By an agreement, entered of record, and an order of court thereon, a cause was submitted to a master commissioner, under the act of March 2d, 1853, 1 G. & H. 433, to report the evidence and his findings at the next term. He made a report which did not contain the evidence, though there was evidence given before him.

*Held,* that, for such failure to report the evidence as required, the report, upon exception and motion, should have been set aside.

From the Montgomery Circuit Court.

*M. D. White, G. McWilliams, P. S. Kennedy* and *W. T. Brush,* for appellants.

PETTIT, J.—The appellee sued the appellants. Proper issues were formed, and as no question is raised as to the pleadings, we need not set them out or notice them further. Immediately after the issues were joined, the following entry appears in the record:

"And, by agreement, this cause is submitted to H. S. Braden, as a master commissioner, who is to report the evidence and his findings at the next term of this court."

The master commissioner made a report, but did not report the evidence, as required by the agreement and order of the court. Exceptions were filed to the report, and on them a motion was made to set aside and reject the report. Among the exceptions to the report and reasons for setting it aside, one is that it does not contain or report the evidence as required by the order referring it to the master commissioner. The report of the master commissioner itself clearly shows that the evidence was not reported, as the agreement and order of the court required; and in addition to this the appellants offered to prove that a number of witnesses (naming them) were sworn, and testified before the master, who are not named or referred to in the report, and that certain written and documentary evidence was given and read before the master, which is not in the report or referred to by it.

The exceptions to and motion to set aside and reject the report were overruled, and the propriety of this ruling is properly before us.

We do not think that this was, or that it can be held to be, a reference to a referee under sec. 349, 2 G. & H. 210. There was no issue or issues referred to a referee to be tried, nor was there any written consent of the parties filed. But we think it was a reference to a master commissioner under the act of March 2d, 1853, 1 G. & H. 433, and as the agreement entered of record and the order of the court required that the evidence should be reported, which was

not done, we hold that the exceptions to the report and the motion to set it aside should have been sustained. See *McKinney* v. *Pierce,* 5 Ind. 422.

The judgment is reversed, at the costs of the appellee, with instructions to set aside the report of the master commissioner, and for further proceedings.