Stanton *et al. v.* The State, *ex rel.* Green *et al.*

No. 9177.

STANTON ET AL. *v.* THE STATE, EX REL. GREEN ET AL.

DECEDENTS' ESTATES.—*Breaches of Administrator's Bond.—Pleading.*—A complaint on an administrator's bond, on relation of the persons entitled to distribution, assigning as breaches: 1. That the administrator has failed to account for $2,000 interest by him collected; 2. That he has wrongfully withheld distribution for four years, though it was demanded; 3. That he has wrongfully delayed settlement of the estate for four years, is good as to each of the breaches.

SAME.—*Harmless Error.*—Where, in a suit upon an administrator's bond, it appears from the record that no damages have been allowed upon certain breaches which had been held good on demurrer, the ruling upon the demurrer, even if erroneous, is harmless, and not available as error in the Supreme Court.

MASTER COMMISSIONER.—*Report.—Practice.—Bill of Exceptions.*—Where a cause is referred to a master commissioner to "hear and report the evidence and his finding of facts therein to the court," the report is no part of the record, unless made so by bill of exceptions or order of the court.

From the Hamilton Circuit Court.

*T. J. Kane, T. P. Davis, J. Stafford* and *T. E. Boyd,* for appellants.

*A. F. Shirts, G. Shirts, W. R. Fertig, D. Moss* and *R. R. Stephenson,* for appellees.

FRANKLIN, C.—Appellees, as heirs of John Green, deceased, brought this suit against appellants, Stanton as principal, and Manlove and Henley as his sureties, upon the administrator's bond in the estate of said deceased.

Appellant Stanton demurred to the complaint, and also severally to each breach of the condition of the bond therein assigned. The demurrer was sustained to the first alleged breach, and overruled as to the other breaches of the bond and the complaint. Appellants Manlove and Henley filed separate answers, in denial. Stanton answered separately, in three paragraphs. Reply, by denial, to second and third paragraphs.

The case, by agreement of parties, was, on the 26th day of

January, 1880, referred to Joseph R. Gray, master commissioner, to hear and "report the evidence in said cause and his finding of facts therein to the court."

On the 5th of May, 1880, Gray filed his report of the evidence and his finding of the facts.

On motion of the appellees, the cause was referred back to Gray, with directions to allow the parties to make and file their objections before him, and for further action.

Afterwards, on the 16th day of November, 1880, Gray again filed his report of the evidence and finding of the facts.

Appellees then filed exceptions to the report of the commissioner, being the same that were filed before the commissioner, overruled by him and excepted to by appellees, which exceptions were sustained by the court to the 1st, 5th and 9th findings of the commissioner, and to so much of the 7th and 8th findings as allowed $1,350 for the services of the administrator, and $80 attorneys' fees for counsel for defendants in this suit, to which appellants excepted ; and the exceptions were overruled as to the other findings in the report, to which appellees excepted ; and the court modified the 5th finding and allowed the administrator $700 for his services, and upon the issues and examination of the evidence and other findings reported by the master commissioner, found for the plaintiffs and rendered judgment thereon for the sum of $2,405.87, and that execution be first levied upon the property of Stanton.

The appellants filed a motion, in writing, for the court to modify the judgment so as to approve and confirm the report of the commissioner, and to allow the administrator said sum of $1,350 for his services, which motion the court overruled and the defendants excepted.

Appellants then filed a motion for a new trial, which was also overruled, and an exception reserved, and the defendants appealed to this court.

The errors assigned are :

" 1st. Overruling the demurrer to the complaint and to each breach of the bond therein assigned.

Stanton *et al. v.* The State, *ex rel.* Green *et al.*

" 2d. Sustaining the appellees' exceptions to the master commissioner's report.

" 3d. Overruling appellants' motion to modify the judgment.

" 4th. Overruling appellants' motion for a new trial.

" 5th. Error in modifying master's report."

Appellants' counsel do not insist that the demurrer ought to have been sustained to the complaint, but claim that it should have been sustained to the 2d, 6th and 7th alleged breaches of the bond.

These breaches are substantially as follows:

2d. He has failed and refused to account for $2,000 interest collected by him on moneys due said estate.

6th. Said Stanton has wrongfully and unjustly withheld distribution of the funds of said estate to the heirs thereof for more than four years, although he has received and held of said moneys during all of said time more than $12,000, and although said heirs have often demanded distribution.

·7th. Said Stanton has wrongfully and unjustly and without cause delayed the settlement of said estate for more than four years, to the great damage of said heirs.

We think each one of these alleged breaches of the bond shows a failure of the administrator to discharge his duty as such administrator. And the *tenth* clause of the 162d section of the act for the settlement of decedents' estates, 2 R. S. 1876, p. 551, is very comprehensive in its language; after enumerating various specified causes for which an administrator may be sued upon his bond, this clause ends the section by saying: " *Tenth.* Any other violation of the duties of his trust." Which is broad enough to include the derelictions of duty as set forth in these breaches; and we think they are sufficient ·to authorize plaintiffs to recover, at least, nominal damages. And there was no error in overruling the demurrer to them. And the findings of the commissioner, so far as approved by the finding and judgment of the court,

and the finding of the court, show that there were no damages assessed upon either of these breaches, and if the demurrer had been erroneously overruled to them, it would have been a harmless error, for which the judgment would not be reversed. *Blasingame* v. *Blasingame*, 24 Ind. 86; *Keegan* v. *Carpenter*, 47 Ind. 597.

The 2d, 3d and 5th specifications of error are based upon rulings of the court in relation to the master commissioner's report.

It is insisted by appellees' counsel that the report of the master commissioner is not properly in the record, and that no questions in relation to it can be considered. The report is not made a part of the record by bill of exceptions, nor was it made a part of the record by order of the court, and directed to be certified by the appellants, and it is earnestly contended, that, under section 559 of the code, it could not be made a part of the record, by being certified by the clerk.

The proper solution of this question, we think, depends upon what distinctions should be made between proceedings before a master commissioner and proceedings before referees.

Under proceedings before referees, the trial of the issues, whether of fact or law, is submitted to the referees, and the trial is conducted in the same manner as a trial by the court. "The report of the referees upon the whole issue stands as the decision of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court. When the reference is to report the facts, the report has the effect of a special verdict." 2 R. S. 1876, p. 178, section 350. See, also, section 349.

In such cases the court has no right to change and modify the report, and render judgment for any sum different from that reported by the referees. *Mitchell* v. *Geisendorff*, 44 Ind. 358; *Indiana, etc., R. W. Co.* v. *Bradley*, 7 Ind. 49; *Gilmore* v. *Board, etc.*, 35 Ind. 344-347.

In the case of *Reid* v. *State, ex rel. Frybarger*, 58 Ind.

Stanton *et al. v.* The State, *ex rel.* Green *et al.*

406, "by agreement of parties, the cause was referred to George B. Sleeth, master commissioner, to hear the evidence in the same, and report his finding thereon at the next term of this court." It will be observed that this reference did not require a report of the evidence, and this court held that it was a general reference under the referee act. The following language is used in the opinion of the court: "Different agencies may be entrusted with the power of determining the facts in controversy between litigants, and stating the proper conclusions thereon. A jury, a referee, or the court may perform this duty; but where the duty in the premises, imposed upon any one of these agencies in a given cause, is general, the entire duty must be performed by that agency. A jury must find a verdict upon which a judgment can be rendered. So a general referee, which, in legal effect, the referee was in this case, must make a final report upon the whole case, upon which the court must render judgment. If not such, when returned, the court, before discharging the referee, should require him to perfect his report or finding." And that it was error for the court to change the amount found by the referee, and render judgment upon the changed amount.

In such cases the report of the referee was a "paper pertaining to the cause and filed therein," and would become a part of the record, like the verdict of a jury, without a bill of exceptions, or order of the court.

Section 7 of the act of March 2d, 1853, provides that "Such master commissioners shall have the powers and discharge the duties herein mentioned which have heretofore been performed by masters in chancery, so far as the same may be consistent with existing laws."

Under the practice, therefore, the trial of the issues is not submitted to the master commissioner, by referring to him the cause to hear and report the evidence and the facts. The trial still remains before the court, and it is for the court to apply the law to the facts, make a finding thereon, and render judg-

ment accordingly.  The report of the commissioner is only advisory, and for the assistance of the court in coming to a conclusion, and when the evidence is reported, or required to be reported, it is not conclusive, and the court has the right to examine the facts and look into the evidence, in order to make a correct finding before rendering judgment thereon, and for that purpose exceptions to the report may be filed, pointing out any errors therein contained.  It will be presumed correct until the contrary is shown.  Under the old practice, the evidence had to accompany the facts in order to sustain them; but, since the adoption of the R. S. of 1843, it is not necessary to report the evidence unless so ordered in the reference, or requested by either of the parties, and when so reported it may be used for the purpose of impeaching or sustaining the report of the facts.  *McKinney* v. *Pierce,* 5 Ind. 422; *Shaw* v. *Kent,* 11 Ind. 80.

In the case of *McGillis* v. *Slattery,* 52 Ind. 44, the submission was nearly identical with the one under consideration, and reads as follows:  "And, by agreement, this cause is submitted to H. S. Braden, as a master commissioner, who is to report the evidence and his findings at the next term of this court."  In the opinion the following language is used by the court:  "We do not think that this was, or that it can be held to be, a reference to a referee under sec. 349, 2 G. & H. 210.  There was no issue or issues referred to a referee to be tried, nor was there any written consent of the parties filed. But we think it was a reference to a master commissioner under the act of March 2d, 1853, 1 G. & H. 433."

In the case of *Hauser* v. *Roth,* 37 Ind. 89, the cause was referred to a special master in chancery appointed by the court "to enquire into and find the facts in this cause, and report the same, with his conclusions of facts thereon, to this court."  WORDEN, C. J., after quoting the statute in relation to the appointment and duties of master commissioners, says: "The reference of a cause to a master to enquire into and find

the facts in the cause, with directions to report the same to the court, as was done in this case, implies a trial of the cause by the court, and not by a jury. Such reference is a mere mode of enabling the court to arrive at the facts."

In the case of *King* v. *Marsh*, 37 Ind. 389, we find the following language: "The only questions raised are as to the report of a master. The report is no part of the record, unless made so by bill of exceptions, which is not done; and we can not, therefore, take any notice of its imperfections, it being used as mere evidence on which the court finds and renders its judgment. 2 G. & H. 273, sec. 559."

This report must, therefore, be considered as " relating to collateral matters," and not as a paper directly "pertaining to the cause and filed therein," and can not be made a part of the record except by bill of exceptions or order of the court.

We, therefore, can not consider the report of the master commissioner, nor the exceptions or motions made in relation thereto.

The 4th error assigned is the overruling of the motion for a new trial.

The 3d, 4th, 5th and 6th reasons for a new trial have reference to the rulings of the court in relation to the report of the commissioner, and can not be considered, for the reason that the report is not properly in the record.

The other reasons are:

" 1st. The finding and judgment is contrary to law.

" 2d. The finding and judgment is contrary to the evidence.

" 7th. The finding and judgment is not supported by sufficient evidence.

" 8th. The finding and judgment is excessive."

The evidence, being a part of the report of the commissioner, and that not being properly made a part of the record, is not before us, and these reasons can not be considered in the absence of the evidence. There was no error in overruling the motion for a new trial.

The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is in all things affirmed, with costs.