McNaught *v* McAllister.

No. 10,460.

McNaught *v.* McAllister.

Master Commissioner.—*Reference.—Practice.—Master's Report.—Evidence.*
—A cause was referred to a master " to hear the evidence, find the facts
and report the same, together with the evidence." The master reported
that he was requested by the defendant to find the facts, with his conclu-
sions of law thereon, which he accordingly reported, together with some
but not all of the evidence.

*Held,* that conclusions of law were not authorized by the order of refer-
ence, and it was not error to strike them out.

*Held,* also, that such an order of reference did not authorize a finding, and
that a motion for a new trial before the court made a finding was pre-
mature.

*Held,* also, that, inasmuch as all the evidence was not reported, exceptions
to the report, which, for their decision, required an examination of the
evidence, could not be considered.

Same.—*Semble,* that where the order of reference to a master requires him
to report the facts and evidence, and he omits some of the evidence, the
court should, before discharging him, require him to perfect his report.

From the Owen Circuit Court.

*J. H. Fowler* and *S. O. Pickens,* for appellant.

*D. E. Beem* and *W. Hickam,* for appellee.

Bicknell, C. C.—This was a suit by the appellee against
the appellant. The complaint was in two paragraphs. The
first paragraph was upon a written contract; it alleged that
by the terms of the contract the plaintiff was entitled to re-
cover from the defendant a certain compensation in money for
services rendered in carrying on and managing the business
of the defendant.

The second paragraph claimed a compensation for other
work, labor and services by the plaintiff for the defendant.

A motion to make the complaint more specific, and a de-
murrer to the complaint, were overruled.

The appellant assigns errors upon these rulings, but waives
them by failing to discuss them in his brief. *Byram* v. *Gal-
braith,* 75 Ind. 134.

The defendant answered in three paragraphs:

1. The general denial.

2. Payment.

3. A counter-claim for money and goods taken by plaintiff out of the business.

The plaintiff replied in denial.

The cause was referred to a master commissioner, who was ordered " to hear the evidence and determine the facts, and to report the facts to the court, together with the evidence."

His report contains the statement that he was requested by the defendant to find the facts specially, and to state the conclusions of law separately, and report them, with the evidence, and the report contains conclusions of law stated by the master, and numbered from one to seven inclusively.

No exception was taken to the conclusions of law before the commissioner, but in the circuit court the defendant excepted to all of the conclusions of law, and thereupon the court, of its own motion, struck from the report of the commissioner all of said conclusions of law, and this action of the court is assigned by the appellant as error.

The master commissioner was appointed for the purposes of this case only, and his powers were prescribed in the order appointing him, as follows: " That said commissioner be and he is hereby empowered to proceed to hear the evidence touching the issues joined herein, and that after such hearing he shall proceed to find and determine all the facts under the issues in said cause, and report the same, together with the evidence in the cause, to this court on the third day of the next term thereof."

Such a reference to a master commissioner is merely a mode of enabling the court to arrive at the facts. *Hauser* v. *Roth*, 37 Ind. 89 ; *Stanton* v. *State, ex rel.*, 82 Ind. 463 ; *Lee* v. *State, ex rel.*, 88 Ind. 256. It is not like the case of a general reference to make a finding. Upon a general reference the trial before the master is like a trial by the court. *Gilmore* v. *Board, etc.*, 35 Ind. 344. And upon the trial before the master on a general reference, either party may require him to report the facts and

conclusions of law separately. R. S. 1881, section 557; *Way* v. *Fravel*, 61 Ind. 162; *Lee* v. *State, ex rel., supra*. But upon a special reference to report the facts only, or the facts and the evidence, the master can not exceed his authority, and has no right to make a general finding in the case, nor to state conclusions of law.

The court, therefore, committed no error in striking out the conclusions of law, nor in disregarding the exceptions to such conclusions; they were not proper to be considered.

The appellant also assigns as errors that the court erred in finding any sum due the plaintiff, and in finding that he should recover any sum of money, and in rendering judgment for the plaintiff for any sum of money. These are not proper assignments of error. Buskirk Pr. 111, 112; *Smith* v. *Ryan*, 83 Ind. 152; *Blizzard* v. *Riley*, 83 Ind. 300.

The only remaining specification of error is the third, to wit: The court erred in overruling the defendant's exceptions to the master commissioner's report, and in overruling the motion for a new trial.

The exceptions and the motion were made together, upon the return of the master's report, and are as follows:

" Comes now the defendant and excepts to the report of the master commissioner, and moves the court for a new trial of this cause, for the following causes, to wit:"

1. The damages assessed by the master commissioner are excessive.

2. The finding and assessment of the master commissioner is too large.

3. The finding and report of the master commissioner is not sustained by sufficient evidence.

4. That said finding and report is based on an erroneous consideration and construction of the evidence.

5. That said finding and report show that the defendant has not been allowed the full amount of his credits, as shown by the evidence.

6. That said finding and report show that the plaintiff was entitled to no damages.

7. That the finding and report of the master commissioner is contrary to law.

The motion for a new trial was premature, and was properly overruled. As yet there had been no trial, the court was yet to make its finding upon the facts and evidence reported by the master. There was no motion for a new trial after the court made its finding.

So far as the writing filed by the defendants presents exceptions to the report, although it was filed in proper time for that purpose, and although the several causes therein mentioned may be treated as exceptions to the report, they are all comprised in these two objections, to wit, that the commissioner's finding of facts, as stated in the report, is not sustained by the evidence, and is contrary to law. Both of these objections require for determination an examination of the evidence; there is no reason suggested why the commissioner's finding of the facts is contrary to law, except that the evidence does not warrant it; therefore we can not determine whether the action of the court in overruling the exceptions to the report was right or wrong unless the evidence is here.

This is one of the cases in which the master's report is not part of the record unless made so by bill of exceptions or by order of the court. *King* v. *Marsh*, 37 Ind. 389; *Lee* v. *State, ex rel., supra.* Here there is a bill of exceptions, embracing the master's report of the facts and some of the evidence, and containing the statement, " This was all the evidence given in the cause." But the bill of exceptions shows upon its face that this last statement is not true; it contains the following statement: " Here the parties, by agreement, gave in evidence the books kept by plaintiff and his clerks pertaining to the business," and then follows an enumeration and description of several books, but their contents do not appear. It has been often decided that this court will not consider the sufficiency of evidence to sustain a finding, where a bill of exceptions,

although professing to contain all the evidence, shows upon its face that such profession is not true. *Cosgrove* v. *Cosby,* 86 Ind. 511; *Irwin* v. *Smith,* 72 Ind. 482; *Clay* v. *Clark,* 76 Ind. 161.

There was, therefore, no available error in overruling the appellant's exceptions to the report of the master, and this completes the examination of the errors assigned by the appellant.

Where a master commissioner is required to report only the facts and the evidence, and his report, when returned to the court, shows upon its face that some of the evidence is not reported, the court, before discharging the master, should require him to perfect his report by supplying the omitted evidence. *Reid* v. *State, ex rel.,* 58 Ind. 406.

The appellee has assigned cross errors, but these also require an examination of the evidence, which is not here, and, therefore, they can not be considered. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

