Clift *et al. v.* Brown *et al.*

Filed April 19, 1884.

---

### No. 11,072.

### CLIFT ET AL. *v.* BROWN ET AL.

APPEAL BOND.—In all appeals to the circuit court, a defective appeal bond is cured by filing a new one as that court may require. R. S. 1881, section 1283.

HIGHWAYS.—*Appeal.—Trial.—Practice.*—In an appeal from the county commissioners from an order establishing a highway, the report of viewers or reviewers is not in question, but the cause is to be tried *de novo.*

SAME.—*Description of, in Petition.*—A petition for a highway, which describes it so that a surveyor could locate it, is sufficient, if otherwise without fault.

From the Henry Circuit Court.

*D. W. Chambers, J. S. Hedges, L. P. Mitchell* and *W. Grose,* for appellants.

COLERICK, C.—The appellees and others presented to the board of commissioners of Henry county, at its June session, 1882, a petition for the location of a public highway. Viewers were appointed to view the same, and they reported that the proposed highway would be of public utility, and that they had laid out and marked the same. Before any action was taken by the board upon this report, a remonstrance against the location of the proposed highway was filed by the

appellants, on the ground that it would not be of public utility, and reviewers were appointed to view the same, who reported that it would be of public utility, and thereupon the appellants remonstrated against its location on the ground that, if it was located and opened as proposed, it would pass through their lands and thereby cause them great damage, and asked the board to appoint reviewers to assess the damages, and reviewers were accordingly appointed for that purpose, and they reported that the appellants Elisha Clift and Waterman Clift would be damaged in the sum of $150 each, and the appellants John Cray and Sallie Cray in the sum of $30. Upon the presentment of this report, the board determined that the damages so assessed were greater than the utility of the proposed highway would justify the payment of out of the county treasury, and, therefore, that the proposed highway should not be established, as prayed for. From this decision the appellees appealed to the circuit court, and there the appellants moved to dismiss the appeal for the following reasons:

1. Because the appeal was only taken by a portion of the plaintiffs, and not by all of them.

2. Because the condition of the appeal bond was not in the form required by the statute.

3. Because the appeal bond was not approved by the county auditor.

Before this motion was determined, the appellees were required by the court to file, and did file, a new bond, in proper form, which was approved by the court, and thereupon the motion to dismiss the appeal was overruled. The action was submitted to a jury for trial, who found that the proposed highway would be of public utility, and that the appellants would not be damaged by reason of its location and opening, and, over motions for a new trial and in arrest of judgment, judgment was rendered against the appellants, from which they appeal, and assign as errors for its reversal: 1. That the court erred in overruling the motion to dismiss the ap-

peal.   2. That the court erred in overruling the motion in arrest of judgment.   3. That the court erred in overruling the motion for a new trial.

No error was committed in overruling the motion to dismiss the appeal.   The record shows that both of the appellee: appealed from the decision of the board, and they alone prosecuted the appeal.   If the appeal bond was defective in form or substance, and was not approved by the county auditor, as asserted by the appellants, the defects and informalities complained of were remedied and cured by the new bond that was given.   The statute provides: " In all cases where an appeal shall be taken from a justice of the peace, board of county commissioners, viewers, or commissioners to assess damages, or from any other person or tribunal, to the circuit court, and the appeal bond filed in such case shall be defective in substance or form, or for want of proper approval, such case shall not be dismissed on account of such defect or informality, if the appellant will, when required by the court to which such appeal is taken, file in such court a sufficient bond, with surety to the acceptance of such court, in such sum as such court shall require."   R. S. 1881, section 1283.   See *Meehan* v. *Wiles*, 93 Ind. 52; *Crumley* v. *Hickman*, 92 Ind. 388. The appellants, in their brief, urge other reasons in support of the motion to dismiss the appeal that are not embraced in the motion.   We can not consider them as they are not properly before us for consideration.   The appellants are confined to the reasons assigned in the motion.

It is insisted by the appellants that the report of the viewers was defective in form and insufficient.   No objection was made to the form of the report before the board of commissioners.   All objections to such reports must be presented to the board, and if not there presented they are deemed as waived.   *Green* v. *Elliott*, 86 Ind. 53; *Lowe* v. *Ryan*, 94 Ind. 450.   No objection was made to the report in the circuit court, but the case was there tried on its merits.   In *Turley* v. *Oldham*, 68 Ind. 114, it was said by this court:   " In highway

cases, on appeal from the commissioners of the county, the reports of the viewers and reviewers have no further value, for any purpose. On such an appeal, such reports, by force of law, and without any motion to that effect, are vacated and set aside, whenever the cause is tried on its merits in the circuit court."

Many reasons were assigned in support of the motion for a new trial, but the only ones urged, or even referred to, by the appellants in their brief, are, that the verdict was contrary to the evidence, and that the court erred in permitting certain items of proof, referred to in the motion, to be introduced. It appears by the bill of exceptions that all the evidence given on the trial of the action is not contained therein, although it professes to contain the same. In its absence we can not determine as to the sufficiency of the evidence to sustain the verdict. See *McNaught* v. *McAllister*, 93 Ind. 114, and the cases there cited. We have examined the evidence set forth in the bill of exceptions, and discover that, while conflicting, it tends to sustain the verdict, and, therefore, if considered as the entire evidence in the case, we can not disturb the verdict on the weight of the evidence. No error was committed by the court in admitting the items of evidence complained of, as they were competent for the purposes for which they were introduced. The motion for a new trial was properly overruled.

The only reason urged by the appellants in support of the motion in arrest of judgment is, that the proposed highway was not sufficiently described in the petition, wherein it is described as follows: "Commencing about 80 rods west of the north-east corner of section two (2), township eighteen (18) north, range ten (10) east, where the road running east from Springport intersects the dirt road, sometimes known as the Irvin or Bazzle road; thence east on the township line dividing sections two (2) and thirty-five (35), and one (1) and thirty-six (36), to the range line; thence east between sections six (6) and thirty-one (31), and sections thirty-two (32) and

five (5), to the road running north from Rogersville, a distance of about two and one-half (2½) miles."

It has been held by this court that a description of a proposed highway which is sufficiently definite to enable a surveyor to locate the highway is all that the law requires. *Conaway* v. *Ascherman*, 94 Ind. 187. Tested by this rule, we think that the proposed highway was sufficiently described. There is no error in the record.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellants.

