Redinbo *v.* Fretz *et al.*

No. 10,606.

## REDINBO *v.* FRETZ ET AL.

PARTNERSHIP.—*Accounting.*—*Trial by Jury.*—*Practice.*—Under the law as it stood prior to 1881, parties to a suit to settle partnership affairs were entitled to a trial by jury.

SAME.—*Harmless Error.*—The refusal of a trial by jury is not a harmless error, although upon a second trial under the code of 1881 the parties would not be entitled to a jury.

SAME.—*Reference to Master Commissioner.*—Where a party is thus entitled to a trial by jury, the court could not, over his objection and demand for a jury, refer the case to a master commissioner.

SAME.—*Bill of Exceptions.*—The reference to the master being a part of the record without a bill of exceptions, the objection and exception to such reference is also a part of the record without a bill of exceptions.

SAME.—*Reference.*—*Written Consent of Parties.*—Under 1 R. S. 1876, p. 629, *et seq.*, the written consent of the parties to a reference to a master commissioner is not required, as in case of a reference to a referee under section 349, 2 R. S. 1876, p. 178.

From the Tippecanoe Circuit Court.

*G. O. Behm, A. O. Behm, R. P. DeHart, J. R. Coffroth* and *T. A. Stuart,* for appellant.

*R. P. Davidson* and *J. C. Davidson,* for appellees.

ZOLLARS, J.—The proceedings in this case, so far as they are material upon this appeal, were had under the code of 1852. That code, therefore, must control in the decision of the questions in controversy. In appellant's complaint below he charged that he had been a partner with appellees in the ownership and operation of a flouring mill, and other partnership property; that they had dissolved the partnership, taken possession of the partnership property and excluded him from the use and enjoyment of the same, and wrongfully converted to their own use money and other assets of the firm. The prayer was for an accounting between the partners, and judgment for $5,000 in favor of appellant, the appointment of a receiver, the sale of the partnership property and the settlement of the partnership affairs.

The complaint was answered by a general denial. This

Redinbo v. Fretz et al.

made an issue of fact, and imposed upon appellant the burden of proving the several averments of the complaint. After the formation of the issues, the court made an order for the sale of the real estate described in the complaint, and appointed commissioners to make the sale. This order was made upon the agreement of the parties, and upon the further agreement that nothing in the subsequent proceedings in the case should invalidate, or in any way affect, the sale so ordered. After the order of sale was made, the court appointed a "special master commissioner," and directed him to take an account between the partners, together with the evidence relating thereto, and his finding, both of law and fact, and report the same to the court. It is contended by appellant that in the reference to the master, and the refusal of a trial by jury, the court below was in error. Appellees contend: First. That there was no error in this; Second. That if it be conceded that there was such error, it has become a harmless error, as under the code of 1881, appellant would not be entitled to a trial by jury, should a new trial be ordered; and, Third. That the question is not before us, because it was not saved and brought into the record by a bill of exceptions.

Appellant was clearly entitled to a trial by jury unless that right was waived. The Constitution declares that in all civil cases the right of trial by jury shall remain inviolate. Art. 1, sec. 20. The interpretation of this section has been that it secures a trial by jury in all cases that were regarded as civil cases at the time the Constitution was adopted, and that it does not cover cases in equity that were formerly not triable by jury. The Legislature can not curtail the right guaranteed by the Constitution, but it may extend the right of trial by jury to cases not included in the constitutional guarantee. This was done. Under the legislation of the State prior to the code of 1881, parties were entitled to trial by jury in equitable as well as law cases. The case before us, although a case of equitable jurisdiction, was covered by this legislation. Sec-

tion 1, 2 R. S. 1876, p. 32; section 320, 2 R. S. 1876, p. 164; *Lake Erie, etc., R. R. Co.* v. *Heath,* 9 Ind. 558 ; *Hopkins* v. *Greensburg, etc., T. P. Co.,* 46 Ind. 187.

The case of *Allen* v. *Anderson,* 57 Ind. 388, is not in conflict with the above cases.   That case was an attack upon a report of commissioners in partition, which did not, within the meaning of the constitutional and statutory provisions, involve the trial of an issue of fact.  The case followed *Dillman* v. *Cox,* 23 Ind. 440, in which it was held that the trial to which these provisions apply was the trial preceding the interlocutory judgment of partition, and that they did not apply to motions merely.   Had the case been submitted to the court for trial, the reference to the master would not have been erroneous.   In a reference to a master, under 1 R. S. 1876, p. 629, *et seq.,* the written consent of the parties is not required, as in case of a reference to referees, under section 349, 2 R. S. 1876, p. 178.  *McGillis* v. *Slattery,* 52 Ind. 44; *Stanton* v. *State, ex rel.,* 82 Ind. 463.

We turn to the last contention by appellees.   A bill of exceptions was filed, but not in time to bring into the record the question in relation to the reference to the master and the denial of a trial by jury.  Does the record, aside from the bill, present the questions?   It is stated therein that upon motion of appellees the court appointed a special master commissioner, and directed him to take an account between the partners, together with the evidence relating thereto, make a finding thereon, and report the same to the court.   It is further stated, that appellant objected and excepted to the order, because the court had no power to make such a reference,   because appellant was entitled to a trial of the issues of fact by a jury, and that he demanded such a trial.   The statute provided, and still provides, that all proper entries made by the clerk, and all papers pertaining to a cause, and filed therein (with certain named exceptions), are to be deemed parts of the record, " but a transcript of motions, affidavits, and other papers, when they relate to collateral matters, * *

shall not be certified, unless made a part of the record by exception, or order of court," etc. Section 559, 2 R. S. 1876, p. 242; section 650, R. S. 1881. There was, and still is, a further provision that "Where the decision objected to is entered on the record, and the grounds of the objection appear in the entry, the exception may be taken by the party, causing to be noted at the end of the decision that he excepts." Section 345, 2 R. S. 1876, p. 177; section 628, R. S. 1881.

When the record does not otherwise show the decision or the grounds of objection thereto, the party objecting must, within such time as may be allowed, present to the judge a proper bill of exceptions, which, if true, he shall sign and cause to be filed in the cause. Section 629, R. S. 1881; section 346, 2 R. S. 1876, p. 177.

Under these sections the rulings have been, that where pleadings, papers or entries are a part of the record without a bill of exceptions, demurrers, objections and exceptions, and in some cases motions in relation thereto, are also parts of the record without a bill of exceptions. *Matlock* v. *Todd*, 19 Ind. 130. After holding that a motion for a new trial, and the entry of the ruling thereon, are parts of the record without a bill of exceptions, the court said: "And the grounds of the ruling, or decision, will, necessarily, sufficiently appear in the entry, taken in connection with the written motion specifying the grounds of it."

In the case of *Monroe* v. *Adams Ex. Co.*, 65 Ind. 60, it was held that, as the verdict and answers of the jury to interrogatories are parts of the record without a bill of exceptions, so a motion for judgment on such answers, the ruling of the court thereon, and the exception of a party, are parts of the record without a bill. Again, in the case of *Salander* v. *Lockwood*, 66 Ind. 285, in passing upon a motion for judgment upon such answer, it was said: "General and special verdicts and answers to interrogatories are a part of the record, without bills of exceptions. * * * Their inconsistency, therefore, if inconsistency exists, with the general verdict, ap-

pears upon the face of the record. * * * * We think a mo-
tion in writing for judgment on the special findings, and the
ruling of the court thereon, which must appear on the rec-
ord, are all that is necessary, in connection with the verdicts
already in the record, to present the decision of the court,
and the reasons of it, and that no bill of exceptions is neces-
sary. As to this point, *Shaw* v. *Merchants Nat'l Bank,* 60
Ind. 83, is overruled. We remark, that it was not necessary
that the motion should be in writing. The journal entry
would show the making of the motion. The reasons, if any
existed for it, appeared by the verdict and answers to inter-
rogatories." See, also, *Terre Haute, etc., R. R. Co.* v. *Clark,*
73 Ind. 168; *Campbell* v. *Dutch,* 36 Ind. 504.

In the case of *Doctor* v. *Hartman,* 74 Ind. 221, it was said:
"Where full information and all essential facts are shown in
the record, no bill of exceptions is necessary; or, as was said
in *Young* v. *Martin,* 8 Wall. 354, no bill of exceptions is
necessary where the error alleged is apparent upon the face
of the record."

In the case before us, the entry of the order of reference
to the master was a proper entry in the case, and hence that
entry is a part of the record without a bill of exceptions, and
hence the objection and exception to that order are also
parts of the record without a bill, although the grounds of
objection, as stated, possibly may not be. And under the
ruling in the case of *Hauser* v. *Roth,* 37 Ind. 89, the state-
ment of a demand for a jury is not a part of the record.
Aside from these, it is apparent upon the face of the record
that the reference to the master was over the objections and
exception of appellant; that the case is one in the trial of
which he was entitled to a jury, and that he did not waive
that right, as was done in the case last above cited, nor in the
manner provided by the statute. See section 340, 2 R. S.
1876, p. 173; section 550, R. S. 1881; *Shaw* v. *Kent,* 11
Ind. 80. The reference to the master, over the objection
of appellant, was a denial of the right of trial by jury, as

the two modes of trial were inconsistent with each other. It is thus apparent upon the face of the record that, over the objection and exception of appellant, he was denied a trial by jury, an important right secured to him by the laws of the State. This was not a technical error that may be disregarded by this court. *Shaw* v. *Kent, supra; Reynolds* v. *State, ex rel.*, 61 Ind. 392.

For this error the judgment must be reversed. The fact that upon another trial the case may be tried without a jury, is not a sufficient consideration to justify a disregard of the error below and an affirmance of the judgment. Other questions are discussed by counsel, but it is not necessary that we should notice them in this opinion. Without affecting the sale of the real estate by the commissioners or the disposition of the proceeds made by them under the orders of the court, the judgment is reversed, with costs.

