## MIDLAND RAILWAY COMPANY v. TRISSAL.

[No. 3,618. Filed November 25, 1902.]

APPEAL AND ERROR.—*Bill of Exceptions.*—*Motions.*—The words "here insert" in the bill of exceptions do not make a motion to strike out parts of a pleading a part of the bill, although the motion is set out in another part of the transcript. *p. 80.*

MASTER COMMISSIONER.—*Finding.*—*Conclusions of Law.*—No error was committed in refusing to strike out conclusions of law in a commissioner's report, where the finding was sufficient to support the judgment. *pp. 81–83.*

SAME.—*Evidence.*—*Appeal and Error.*—Where at the time of the rendition of judgment on a commissioner's report, a motion was pending to require the commissioner to file a transcript of the evidence, and the transcript was filed after rendition of judgment, the transcript should be considered to be a part of the master's report. *p. 83.*

From Madison Circuit Court; *J. F. McClure,* Judge.

Suit by one Wilcox against the Midland Railway Company to foreclose a mechanic's lien. Francis M. Trissal filed a cross-complaint for attorney's fees, the case was submitted to a master commissioner and judgment was rendered on the commissioner's report in favor of Trissal, and the railway company appeals. *Affirmed.*

*W. R. Crawford, U. C. Stover* and *W. H. Najdowski,* for appellant. ·

*A. H. Shirts* and *W. R. Fertig,* for appellee.

ROBINSON, J.—One Wilcox sued appellant and Holloran and Ingerman to foreclose a mechanic's lien on ap-

pellant's road. Holloran and Ingerman filed a cross-com-
plaint to foreclose liens held by them. In that action appel-
lee was the attorney for Holloran and Ingerman. A trial
resulted in a judgment and decree in favor of Wilcox
upon the complaint, and in favor of the cross-complainants
on their cross-complaint for $3,594.94, and the further
sum of $355.64 attorney's fees for services in that action.
Appellee had rendered Holloran and Ingerman other serv-
ices, but it was agreed that appellee should charge the sum
allowed by law for foreclosing mechanic's liens, and an ad-
ditional sum which made the total $696. After the decree
was entered upon the order-book, appellee entered upon
the margin thereof a notice of his intention to hold a lien
upon the judgment and decree in favor of Holloran and
Ingerman for $696 for his services as attorney. After-
wards appellant prosecuted an appeal to the Supreme
Court, and the judgment and decree as to Wilcox was af-
firmed, and as to Holloran and Ingerman was reversed,
and cause remanded "with instructions to restate findings
upon the questions growing out of the judgment in favor
of laborers and material men, and the conclusions in refer-
ence thereto, and to deduct from the amount due the cross-
complainants the aggregate amount of such judgments.
In all other respects than those indicated the judgment is
affirmed." *Midland R. Co.* v. *Wilcox,* 122 Ind. 84.

After the recovery of the original judgment and decree,
Holloran and Ingerman began another action against appel-
lant for the foreclosure of another lien for work done after
the filing of their original cross-complaint, in which action
appellee was their counsel, but was not a party to the action.
In this action appellant filed a cross-complaint alleging,
among other things, that Holloran and Ingerman had taken
an assignment of the construction contract from the origi-
nal contractors, and had undertaken to complete the same
according to its original terms, and that they had after-
wards abandoned the work, and that the amount which it

would cost to complete the work, added to the amount that had been paid the contractors and their successors, Holloran and Ingerman, would exceed the full construction contract price by many thousand dollars, and that by reason of the abandonment of the contract appellant had been damaged. The cross-complainant further alleged the recovery of the judgment by Holloran and Ingerman and the decree of foreclosure. The prayer of this cross-complaint was for an accounting of all work done under the construction contract and of amounts paid thereon by appellant, and for judgment against Holloran and Ingerman and their predecessors, and that the sum paid be made a set-off and payment of the original judgment and decree in favor of Holloran and Ingerman. This cause came up for trial, and in September, 1887, the court found that there was due the railway company a certain amount, which was in excess of the judgment theretofore rendered for $3,594.94, and that the company was entitled to have that judgment paid and satisfied by application as a set-off, as far as necessary, out of the sum found to be due the company, and decreed that the judgment for $3,594.94 and cost of suit was fully paid and discharged, and that Holloran and Ingerman, their agents and attorneys, be enjoined from enforcing or attempting to enforce the same or any part thereof, and directing Holloran and Ingerman to enter satisfaction of such judgment upon the margin of the order-book of the circuit court. An appeal was taken by Holloran and Ingerman to the Supreme Court, which appeal was dismissed (*Holloran* v. *Midland R. Co.,* 129 Ind. 274), and the decree of the circuit court in the last named action remains in full force and effect. There was no attempt to set off against the amount assessed in favor of the company in the last named action the decree in favor of Holloran and Ingerman, except as to the sum of $3,594.94; and that the sum of $355.64 assessed and allowed as attorney's fees was not taken into account nor deducted in estimating and adjudg-

ing the amount of recovery in favor of the railway company on its cross-complaint; that the abandonment of the construction contract and the right of set-off thereby found to arise in favor of the company was subsequent to the rendition of the services of appellee in the original action, and for which his attorney's lien was entered on the decree in the order-book and for part of which services the sum of $355.64 was assessed by the circuit court; that after deducting the credits which the Supreme Court held the company was entitled to upon the appeal, there would have remained a large amount in excess of the amount of the attorney's lien due Holloran and Ingerman; that appellee has never received anything for his services; that Holloran and Ingerman, at the date of the judgment and decree on their original cross-complaint, were wholly insolvent and have ever since remained so, and that the sum of $355.64, nor any part thereof, has ever been paid by appellant or any other person.

Appellee filed his petition to become a party in the original action, which was granted, and leave given to file a cross-complaint. The case was tried before a master commissioner under the following order: "Come now the parties by counsel, and this cause is referred to Hon. E. D. Reardon, as master commissioner, to hear evidence, and report his findings thereon." The facts above set forth are substantially the findings of the commissioner, upon which judgment was rendered in appellee's favor.

To question the court's ruling upon a motion to strike out parts of a pleading, the motion and the court's ruling must be brought into the record by a bill of exceptions or order of court. The words "here insert" in the bill do not make the motion a part of the bill, although the motion is set out in another place in the transcript. Ewbank's Manual, §26; *Dudley* v. *Pigg,* 149 Ind. 363; *State, ex rel.,* v. *Halter,* 149 Ind. 292; *Allen* v. *Hollingshead,* 155 Ind. 178; *Brown* v. *Langner,* 25 Ind. App. 538.

Appellant's counsel have argued principally the insufficiency of the evidence to authorize the findings made by the master. Counsel for appellee contend that the evidence is not in the record. On October 3, 1899, the commissioner filed "his findings of facts and conclusions of law thereon." On the same day appellant filed objections and exceptions to the report. On November 7, 1899, appellant filed its motion to require the commissioner to "certify the transcript of the evidence taken in this cause." On the same day appellant filed its motion to strike from the report the conclusions of law. On the 2d day of January, 1900, the court overruled appellant's objections and exceptions to the report, and sustained appellee's motion for judgment on the findings and conclusions of law, and on the same day rendered judgment. On the 4th day of January, 1900, the court sustained the motion requiring the commissioner to file a transcript of the evidence, ordered the commissioner to file the transcript at once, and overruled the motion to strike out the commissioner's conclusions of law. On January 5, 1900, the following entry was made: "Comes now Edward D. Reardon, the master commissioner before whom this cause was tried, and files the longhand manuscript of the evidence taken in this cause, which transcript is in the words and figures following, to wit." This is followed by what purports to be the evidence taken before the commissioner, which is certified to by the commissioner as the transcript of all the evidence taken before him. On the 26th day of January, 1900, appellant filed its motion for a new trial. On March 3, 1900, appellant filed its bill of exceptions which contained the commissioner's report, appellant's exceptions and objections thereto, and appellant's motion to strike from the master's report the conclusions of law. On June 25, 1900, appellant's motion for a new trial was overruled.

It appears that on June 11, 1894, the case was referred generally to a master commissioner for trial, to which ap-

pellant excepted. In May, 1895, the case was stricken from the docket. In December, 1896, it was again referred to a commissioner, as above set out, and under this reference the case was heard. It appears that appellant was present by attorney when the order was made, and made no objection whatever. *Preston* v. *Sandford,* 21 Ind. 156; *Lewis* v. *Godman,* 129 Ind. 359; *Hauser* v. *Roth,* 37 Ind. 89; *Smith* v. *Harris,* 135 Ind. 621; *Taylor* v. *Trustees, etc.,* 7 Ind. App. 388. As the commissioner was appointed for the purpose of this case only, his powers were prescribed in the order appointing him. *McNaught* v. *McAllister,* 93 Ind. 114. The statute provides that master commissioners shall have the powers and discharge the duties heretofore performed by masters in chancery so far as the same may be consistent with existing laws. §1468 Burns 1901. Sections 565, 566 Burns 1901 also make provision for referring a case to, and a trial by, a referee. The distinction as to modes of procedure must be kept in view between proceedings before a master commissioner and proceedings before referees. *Stanton* v. *State, ex rel.,* 82 Ind. 463. While the reference to the commissioner to hear evidence and report his findings was general *(Reid* v. *State, ex rel.,* 58 Ind. 406), which required the commissioner to make such a report as that judgment might be pronounced upon it, yet the finding of the commissioner did not conclude the court. In chancery cases the court must make the ultimate decision of all questions of law and of fact, and, upon proper exceptions, the court must review the evidence upon which the findings are based. *Bremmerman* v. *Jennings,* 101 Ind. 253; *McKinney* v. *Pierce,* 5 Ind. 422. "The report of the commissioner," said the court in *Stanton* v. *State, ex rel., supra,* "is only advisory, and for the assistance of the court in coming to a conclusion, and when the evidence is reported, or required to be reported, it is not conclusive, and the court has the right to examine the facts and look into the evidence, in

order to make a correct finding before rendering judgment thereon, and for that purpose exceptions to the report may be filed, pointing out any errors therein contained. It will be presumed correct until the contrary is shown."

Upon the findings as reported by the commissioner the judgment of the court is right. Conceding, without deciding, that the commissioner was not authorized to state conclusions of law, yet the court's refusal to strike out the conclusions of law on motion was not reversible error. As the finding is sufficient to support the judgment, the conclusions of law stated by the commissioner may be disregarded. The finding is complete without the conclusions of law. It is true the report of the testimony taken before the commissioner was not filed in court until after judgment had been rendered upon the commissioner's report containing simply a finding of the facts *(Borchus* v. *Huntington, etc., Assn.,* 97 Ind. 180), yet, a motion had been made to require the commissioner to file a transcript of the evidence, and was pending at the time judgment was rendered, and, after judgment was rendered, this transcript was filed. So that, for the purpose of this case, the transcript of the evidence should be considered to be a part of the master's report. The record contains a bill of exceptions setting forth the master's findings of facts and the exceptions thereto. But no attempt was made to put into any bill of exceptions the evidence; and, as we have seen, the transcript of the evidence was a part of the commissioner's report. In *King* v. *Marsh,* 37 Ind. 389, the court said: "The only questions raised are as to the report of a master. That report is no part of the record, unless made so by bill of exceptions, which is not done; and we can not, therefore, take any notice of its imperfections, it being used as mere evidence on which the court finds and renders its judgment." *City of New Albany* v. *Iron, etc., Co.,* 141 Ind. 500; *Stanton* v. *State, ex rel.,* 82 Ind. 463. See *Borchus* v. *Huntington, etc., Assn.,* 97 Ind. 180; *McNaught*

v. *McAllister*, 93 Ind. 114; *Lee* v. *State, ex rel.*, 88 Ind.
256; *Hauser* v. *Roth*, 37 Ind. 89; *Board, etc.*, v. *Huston*,
12 Ind. 276.

Judgment affirmed.