## DOAK-RIDDLE-HAMILTON COMPANY v. RAABE.

### [No. 9,146. Filed December 14, 1916.]

1. INSURANCE.—*Agent.—Contract.—Unpaid Premiums.—Liability of Agent.*—Under a contract between an insurance company and its agent whereby he was required to collect first premiums on applications taken by him and was prohibited from extending the time for the payment thereof, the agent is not chargeable with premiums unpaid by applicants on insurance written by him, in the absence of any provision in the contract evidencing an intention to make him liable therefor. pp. 254, 255.

2. APPEAL. — *Presumptions. — Master Commissioner's Findings.—Adoption by Court.*—In an action by an insurance company against its agent to recover money alleged to be due under an agency contract, the court on appeal cannot presume, even though certain provisions of the contract made it defendant's duty to collect premiums on insurance written by him, that the agent collected the premiums in controversy, where the master commissioner's report adopted by the court found that the agent did not collect such premiums. p. 254.

3. INSURANCE.—*Contract with Agent.—Commissions.—Accounting for Premiums.—Master's Report.—Construction.*—Where in an action by an insurance company against an agent to recover money alleged to be due under an agency contract, a master commissioner found certain "commissions due or allowed defendant from plaintiff," such commissions being on uncollected premiums, the word "or" was used, not in its alternative sense, but as a connective, and the word "allowed" as meaning "to concede, consent to, or to grant," so that the report of the master could be construed as meaning that the company consented to allow such commissions to defendant, though unpaid, notwithstanding a provision in the contract that commissions should be payable only on premiums collected in cash on policies issued on applications procured by the agent and accounted for by him. p. 255.

4. APPEAL.—*Review.—Master Commissioner's Report.—Evidence*

*Not in Record.—Presumption.*—Where the evidence is not in the record, the master commissioner's report of the facts, having been adopted by trial court, must be presumed to be correct. p. 256.

5. APPEAL.—*Master Commissioner's Report.—Conclusions.*— Mere conclusions in the report of a master commissioner, in a case referred to him for a finding of facts, must be excluded. p. 256.

6. APPEAL.—*Presumptions.—Action of Trial Court.*—Presumptions should be indulged in favor of the action of the trial court until it is made to appear that the court erred therein. p. 257.

From Vigo Superior Court; *John E. Cox,* Judge.

Action by the Doak-Riddle-Hamilton Company against Herman Raabe. From a judgment in part for plaintiff, the plaintiff appeals. *Affirmed.*

*Beasley, Douthitt, Crawford & Beasley,* for appellant.

CALDWELL, J.—Appellant, an Indiana insurance company, brought this action against appellee, who was formerly its agent, to recover on account of certain expense money advanced to appellee and certain insurance premiums alleged to have been collected by him and not accounted for. The cause having been placed at issue was referred to a master commissioner, appointed under the provisions of §1677 Burns 1914, §1397 R. S. 1881 "to hear the evidence, ascertain the facts and report his findings." The court adopted the report as made, except specification No. 8 thereof, and on the report as adopted found for appellant in the sum of $69.03, with interest in the sum of $12.42 and rendered judgment for $81.45, the aggregate. Appellant presents, among other questions, that the amount of the recovery is too small.

Specification No. 8 of the report, rejected by the court as aforesaid, was to the effect that a named sum was due appellant in cash, if the court should place a certain construction on the contract of employment executed by the parties February 8, 1910. A proper construction of the contract determines the entire controversy. It is made a part of the master's report as adopted by the court.

The following abstract of the contract includes the substance of its provisions material to the controversy: It specifies that the agent's services should commence February 8, 1910, and that either party might terminate the contract by giving seven days' notice to the other in writing, and that if so terminated, the power of the agent to collect and receive premiums should cease; that if the contract should be terminated by either party for any cause, the compensation which should then have been paid to the agent, together with the amount then due him under the contract, should be in full settlement of all demands against the company in favor of the agent, except as otherwise provided by the contract. The company agreed to advance to appellee $18 per week for living expenses, commissions as earned to be applied in payment thereof. In the event of the cancellation of the contract by either party, the agent agreed to pay to the company any balance of such advancements remaining unpaid. The agent bound himself diligently to canvass the territory assigned to him for applications for life, accident and health insurance, to collect and account for premiums, and to forward applications and report collections to the company. The contract prohibited the agent from extending the time for the payment of premiums and from accepting payment of them other than in current funds, and from receiving any money on the company's account, except on policies and receipts sent to him for collection. There is a provision that in the life department "during the continuance of this contract, the company will pay on business transacted by and through the agent, as full compensation for all services," certain specified graduated per cents. estimated on the amounts of the premiums in the first year of insurance, and in the accident department certain other graduated per cent's estimated on premiums "in the first year of insurance reported and paid to the agent during the continuance of the contract," the stipulated per cent. of commissions in

each case depending on the character of the policy. It is stipulated that "commissions shall be payable only on premiums collected in cash on policies issued on applications procured by the agent and accounted for by him," and also a provision that "no collection fee shall be charged by the company for the collection of premiums subject to commission under this contract"; also a provision that in case the company should return to the insured a premium upon which the agent had been paid a commission, he should return to the company the amount of such commission.

The material part of the report of the master as adopted by the court is to the following effect: Appellee's services as agent commenced February 8, 1910, and terminated in April, 1911, the cause and circumstances of the termination not being reported. Appellant advanced to appellee sums totalling $423. Facts are reported rendering appellee liable for $8.61 on account of policies cancelled and premiums returned. Appellee collected and paid to appellant on applications written by him premiums amounting to $1,241. His commission on such premiums amounted to $291.78, which commissions he did not reserve but paid to appellant. He wrote other applications on which premiums subject to commission amounted to $215.07. His commission thereon amounted to $70.80. The premiums last named, however, including the commissions thereon, have not been paid to either appellant or appellee, but are due from applicants and unpaid. Respecting the commissions last named, the report of the master is that they are commissions "due or allowed to defendant from plaintiff."

Specification No. 9 of the report is in substance that if the contract should be construed that, by the terms thereof, appellee is not chargeable with uncollected premiums but that such premiums are the property of appellant, then the balance due appellant is $69.03. Specification No. 8 rejected by the court as aforesaid is, in substance, that if

appellee is chargeable with such premiums, the balance due is $284.10:

It will be observed that if appellee be charged with the $423 advanced to him, and with the $8.61 due from him on account of premiums returned, and if he be credited with commissions in the sum of $291.78 and also $70.80, the balance due from him is the amount of the judgment exclusive of interest. It is, therefore, apparent that the court construed the contract as suggested by specification No. 9 of the report.

Appellant contends that appellee should be charged also with such uncollected premiums as suggested by specification No. 8, and that as a consequence there is due from him $284.10, exclusive of interest; and that, if he should not be charged with such premiums, he should not be credited with commission thereon, and that on such hypothesis there is due from him $139.83, exclusive of interest.

Two questions then are presented: first, Should appellee be charged with such uncollected premium? and, secondly, if not, Should he be credited with $70.80 commission thereon?

By the terms of the contract, it was appellee's duty, at least primarily, to collect first premiums on applications taken by him, and other premiums also when policies or receipts were forwarded to him for that purpose.

1. We find nothing in the contract, however, evidencing an intention to charge him with the amounts of the premiums which he in fact had not collected. It is urged that in view of certain provisions of the contract making it appellee's duty to collect premiums we should

2. presume that he did collect the premiums involved in this transaction amounting to $215.07. We cannot indulge such presumption in the face of the master's report adopted by the court, to the effect that appellee did not collect the premiums composing such item, but that they were due from applicants and unpaid. The record

does not convince us that the court erred in refusing to charge appellee with such item. It is well to observe that in its relation to premiums the action is predicated on the theory that appellee collected and failed to account for certain premiums, rather than on alleged omission of duty, whereby appellant was damaged.

We proceed to determine whether the court erred in crediting appellee with the commission item of $70.80.

Commissions on the item of $215.07 of uncollected premiums constitute this item. We are not advised by what arrangement or omission such premiums remained uncollected. It sufficiently appears that they were premiums on policies issued by the company and based on applications written by appellee. The contract between appellant and appellee, while not expressly so stipulating, apparently contemplated that applicants for insurance should pay first premiums in cash. As we have indicated, the contract prohibited the agent from extending the time of the payment of premiums, and from receiving payment thereof otherwise than in current funds. No such inhibition, however, was placed on the company. It, in any case, might have extended credit to any applicant, or it might have taken a promissory note to represent any unpaid premium. As we have said, there was a stipulation in the contract that the company should not charge a fee for collecting premiums which were subject to commission under the contract. Such provision contemplated that under some circumstances, the company might collect premiums on which the agent was entitled to commission. Such provision is therefore in harmony with a supposition that under some circumstances the company might extend the time for the payment of such premiums, and thereafter collect them. It is true that there was another provision in the contract that commissions should be payable only on premiums collected in cash on policies issued on applications procured by the agent and accounted for by him. Such provision,

however, does not necessarily mean that the agent should be paid commission only on premiums collected by him in cash, since such other provision recognized his right to commission in some cases on premiums collected by the company. The provision that commission should be payable only on premiums collected in cash, like any other provision of an ordinary written contract, was subject to a subsequent parol modification on sufficient consideration. There are indications of such a modification in the master's report as adopted by the court, in that thereby the master reported as a fact that the item of $70.80 was constituted of "commissions due or allowed defendant from plaintiff." While the word "or" is frequently used in an alternative sense, in our judgment it is used here to connect two words expressing the same idea. It is frequently used in such a sense also. 29 Cyc 1502. Webster's International Dictionary. The word "allow" includes the following meanings: "To concede," "consent to," "to grant," etc. 2 C. J. 1154. The report of the master then may very properly be construed to mean that the appellant conceded or granted such commissions to appellee, or consented to them as a credit in appellee's favor, or that they were commissions which appellant had allowed to appellee.

The evidence is not before us. The master by the terms of the order appointing him was not required to, and did not, report it to the trial court. The order was that the master should "hear the evidence, ascertain the facts, and report his findings." In the absence of the evidence, the master's report of the facts having been adopted by the court must be presumed to be correct. *Stanton* v. *State, ex rel.* (1882), 82 Ind. 463; *Bremmerman* v. *Jennings* (1885), 101 Ind. 253; *McKinney* v. *Pierce* (1854), 5 Ind. 422; *Midland R. Co.* v. *Trissal* (1902), 30 Ind. App. 77, 65 N. E. 543. The master's report, excluding therefrom mere conclusions, as we are required to do (*Smith* v. *Harris* [1893], 135 Ind. 621,

35 N. E. 984) includes the facts respecting the amount of the advancements made by appellant to appellee, and the amount with which the latter should be charged on account of commissions received on premiums subsequently returned to insured persons, and respecting the amount of premiums collected by appellee and paid to appellant, and the former's commission thereon, and also the facts respecting uncollected premiums, and that appellant had allowed appellee commissions thereon in the sum of $70.80. It is true that the report is not in all respects as full and specific as might be desired, but it is not attacked on such grounds. The court adopted it as sufficient and entered judgment accordingly. Presumptions should be indulged in favor of the action of the trial court until it is made to appear that the court erred therein. Appellant does not convince us that error was committed. Judgment affirmed.

NOTE.—Reported in 114 N. E. 415. Insurance, liability of agent to company for failure to collect premiums, Ann. Cas. 1916D 651. See under (3) 2 Cyc 134; 2 C. J. 1154; 29 Cyc 1502; (4) 3 Cyc 309.