**John J. SOUTHARD et al., Appellants,**

**v.**

**Omar BIDDLE, Appellee.**

Court of Appeals of Kentucky.

Oct. 4, 1957.

**Molly BALDRIDGE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 4, 1957.

Vernon A. Dinkle, Ashland, for appellant.

Charles Wylie, and Wm. E. Sloan, Lexington, for appellants.

W. T. Smith, Lexington, for appellee.

STANLEY, Commissioner.

This is an action by neighboring property owners and the City-County Planning & Zoning Commission for Lexington and Fayette County to enjoin Omar Biddle from using a tobacco barn and a small stable on his premises. The circuit court construed the zoning ordinance or resolution as permitting the use of the tobacco barn and found that the evidence proved the smaller building had not been used as a stable for some time but was being used for stripping tobacco and other unobjectionable purposes.

The appellee, Biddle, owns a parcel, irregular in shape but quite narrow, containing about eight acres, lying south of and in the rear of the residences of the appellants. All of the property is outside the city limits. Biddle lives on the other side of the parcel near the extreme east end. There are other residences and two lots of the Fayette County Board of Education on that side of the tract. A creek runs through Biddle's undeveloped parcel, and it has some marshy places in it. All of this property has been used for general farming purposes for many years. In June, 1955, about fifteen months before the suit was filed, Biddle built a tobacco barn near a small building which had been erected in 1948 and which for a time was used to stable his mule, cow and pony.

Section 5.32 of the zoning ordinance expressly declares, "Nothing in this Ordinance-Resolution shall prohibit use of any land for agricultural purposes or the construction or use of buildings or structures incident to the use for general agricultural purposes of the land on which such buildings or structures are located, and no building permit or certificate of occupancy shall be required for any such building or structure."

Section 7.11 permits the use of the property for "gardening and general farming" with certain exceptions "provided that any building in which farm animals are housed shall conform to the minimum distance requirements of § 6.5." No question as to distances is raised in this case.

The testimony of several plaintiffs is to the effect that the tobacco barn is unsightly, offensive, atrocious and overshadows their yards. The barn has an estimated capacity of four and one-half acres of tobacco. The plaintiffs' evidence does not really show that any tobacco in the barn was raised off the particular premises, but the defendant testified that about one-half of the tobacco which he had stored in the barn was raised there and the other half on a parcel across a street or public way about 800 feet from his residence. We agree with the comment of the trial court: "It would be a harsh interpretation to hold under the facts of this case that the defendant, though entitled to house or store in the structure the tobacco grown on the lot on which the barn is located, cannot utilize the same building for the storing of his tobacco grown on the nearby lot."

The plaintiffs' evidence concerning the small building is that it houses domestic animals and produces obnoxious odors which penetrate their homes. The defendant and several witnesses testified that some time before the suit was brought, this building was cleaned, fumigated and prepared for use as a tobacco stripping room and that no animals had been housed in it for over a year. The defendant's mule and a pony, belonging to another man, are pastured on the lot. Several engineers testified that some odors came from sewers or drains from the plaintiffs' property but that absolutely none came from the buildings. A number of neighbors testified they suffered no inconvenience from the use of these premises.

There is no contradiction in the evidence that before and since the zoning of this area this rough parcel had been used for general farming, such as gardening and pasturing and that it comes within the permissive uses. A careful consideration of the evidence leads us to the conclusion that the trial court's findings of fact and conclusions of law are sustained.

The judgment is accordingly affirmed.