STATE OF INDIANA, INDIANA STATE TEACHERS RETIREMENT BOARD *v.* GEORGE SMOCK.

[No. 1-1274A193. Filed August 19, 1975.]

*Theodore L. Sendak,* Attorney General, *Harry John Watson, III,* Deputy Attorney General, for appellant.

*William Smock,* of Terre Haute, for appellee.

LOWDERMILK, J.—This is an appeal from the trial court's finding that the ruling of an administrative agency was in error.

## ISSUES:

The issues presented by appellant's motion to correct errors are:

1. Was the trial court correct in finding erroneous the Indiana State Teachers' Retirement Board's decision that only three universities came under the State Retirement Fund in 1934?

2. Was the trial court correct in holding that Smock is entitled to retirement fund credit for his teaching at Purdue University during 1934-1935?

## STATEMENT OF FACTS:

On December 19, 1972, George Smock, appellee (Smock), filed a verified petition for judicial review of his request for Indiana Teachers' Retirement Fund credit for his teaching at Purdue University during the school year of 1934-35.

The parties stipulated:

"1. That the Indiana State Teachers' Retirement Board reconsidered the request of the plaintiff for retirement fund credit for his teaching at Purdue from September, 1934 to June of 1935 on September 19, 1972.

2. That the Indiana State Teachers' Retirement Board refused his request for credit for the reasons that:

(1) The Statute brings into the fund only Indiana State University, Vincennes University and Ball State University.

(2) Because Purdue had a retirement system of its own, and thus did not come under the statute.

3. That Purdue University did not have a retirement program during the period from September 1934 through June 1935.

4. That the plaintiff taught at Purdue during the period from September of 1934 through June of 1935."

## TRIAL COURT'S JUDGMENT:

On July 8, 1974, the trial court entered judgment against the Indiana State Teachers' Retirement Board (Board), ordering that a determination of the Board be set aside and further ordering said Board to grant plaintiff retirement fund credit for his teaching at Purdue University during 1934-35.

The State submits that the above judgment is error.

## DISCUSSION:

The Indiana State Teachers' Retirement Fund Act lists those eligible for membership in the fund. IC 1971, 21-6-1-11 (Burns Code Ed.). However, since we are concerned here with those teachers eligible under the act for the school year 1934-35, we must look to the law as it then read. The controlling statute for our purposes is found in Acts 1921, ch. 256, § 8, p. 751 (set out in the notes to § 21-6-1-11 of Burns Code Ed.) and provides in relevant part as follows:

". . . The members and beneficiaries of this fund shall include any legally qualified and regularly employed teacher, teacher-clerk, supervising principal, principal, supervisor,

superintendent of schools, person in charge of teaching any special department of instruction or training, or any other teacher or instructor legally qualified and regularly employed as such in any of the public schools of this state; or in any public state normal school of the state, supported wholly by public money, and devoted to the preparation of teachers; *or the legally qualified and regularly employed teachers, principals, superintendent and others named above in any other public state educational institution of this state supported wholly by public money and whose teachers devote their entire time to teaching* and the legally qualified and regularly employed teachers in state benevolent, charitable, and correctional institutions whose teachers devote their entire time to teaching; and employes in the office of the state superintendent of public instruction or in the office of the state teachers' retirement fund who were qualified under this act previous to their election or appointment. The secretary to the president and the assistant librarian of the Indiana state normal school, shall be construed to be teacher-clerks within the meaning of this act. . . .

* * *"

(Our emphasis.)

The State correctly points out that at all times here relevant IC 1971, 20-10-5-1 (Burns Code Ed.) provided:

"The public schools of the state shall be and are defined and distinguished as (a) elementary schools and (b) high schools. . . ."

The State contends that even though it later stipulated that Purdue did not have its own retirement plan in 1934-35, and thus the second basis for the Board's decision was unsupported by substantial evidence, still the Board's decision should be upheld as to its first finding that the above statute brings into the fund only Indiana State University, Vincennes University and Ball State University. The Board relied solely on its interpretation of this statute in making its finding that Purdue University was not included in the retirement fund for the 1934-35 school year.

The trial court, and this court on appeal, must determine if such finding is unsupported by substantial evidence.

It is conceded that Purdue University is not a public school under the first part of the statute, nor is it or has it ever

been a state normal school, i.e., a teachers college. Thus the only point of contention is whether or not Purdue University qualifies as "any other public state educational institution" within the meaning of the emphasized portion of the statute set out above.

Based solely on our reading of the statute, we believe that Purdue University must necessarily be the "other public state educational institution" referred to in the statute. The State contends that the state school for the deaf and the state school for the blind would fall under the definition of "other public state educational institution," but we believe the statutory section that includes "teachers in state benevolent, charitable and correctional institutions" more appropriately covers those schools. Based only on the statute, we believe Purdue University teachers qualified for the pension fund under this section. Thus, the State's first assignment of error is groundless, inasmuch as the trial court was correct in finding the Indiana State Teachers' Retirement Board's decision that only three universities came under the retirement fund in 1934-35 was erroneous.

In its second assignment of error, the State challenges the trial court's holding that Smock is entitled to retirement fund credit for his teaching at Purdue University during 1934-35.

The function of the trial court in an administrative agency appeal is strictly controlled by the Administrative Adjudication Act, IC 1971, 4-22-1-18 (Burns Code Ed.). That act provides in part:

"On such judicial review such court shall not try or determine said cause de novo, but the facts shall be considered and determined exclusively upon the record filed with said court pursuant to this act [4-22-1-1—4-22-1-30].

On such judicial review, if the agency has complied with the procedural requirements of this act, and its finding, decision or determination is supported by substantial, reliable and probative evidence, such agency's finding, decision or determination shall not be set aside or disturbed.

If such court finds such finding, decision or determination of such agency is:

(1) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or

(2) Contrary to constitutional right, power, privilege or immunity; or

(3) In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or

(4) Without observance of procedure required by law; or

(5) Unsupported by substantial evidence,

the court may order the decision or determination of the agency set aside. The court may remand the case to the agency for further proceedings and may compel agency action unlawfully withheld or unreasonably delayed."

In *Indiana Alcoholic Beverage Commission* v. *Johnson* (1973), 158 Ind. App. 467, 303 N.E.2d 64, 69, this court held that

"[T]he express intent of this part of the statute is to limit the reviewing court's authority to remand the case to the administrative agency for further proceedings after a proper determination that the agency's decision was contrary to law. If upon remand the agency unlawfully withholds or unreasonably delays the redetermination of the case, then the trial court may compel agency action by direct order. Otherwise the reviewing court does not have power to compel agency action as part of the initial review function. It may only remand the cause for rehearing."

*See also, Indiana Alcoholic Beverage Commission* v. *Lamb* (1971), 256 Ind. 65, 267 N.E.2d 161; *Department of Financial Inst.* v. *State Bank of Lizton* (1969), 253 Ind. 172, 252 N.E.2d 248.

The trial court properly vacated the Board's findings, but exceeded its authority when it ordered the Board to award Smock certain credits in the retirement fund.

If further agency proceedings are unlawfully withheld or unreasonably delayed, then the trial court may compel such agency action, but it may not substitute itself for the agency in a fact-finding capacity. That function belongs solely to the agency.

HOLDING:

The judgment of the trial court is affirmed wherein it vacated the Board's finding and is reversed as to its order for the Board to award Smock certain credits in the retirement fund. The trial court is further directed to remand the case to the Indiana State Teachers' Retirement Board with directions that said Board make further findings of fact and conduct any further proceedings thereafter not inconsistent with this opinion.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 332 N.E.2d 800.