**B & M COAL CORPORATION,**
**Appellant (Plaintiff Below),**

v.

**UNITED MINE WORKERS OF AMERICA and David R. Norrick, Individually and as a Member of the United Mine Workers of America et al., Defendants Below,**

**The Spencer County Clerk, Spencer County Auditor, Spencer County Council, and the Spencer County Board of Commissioners, Appellees (Intervenors Below).**

No. 74S04–8612–CV–1036.

Supreme Court of Indiana.

Dec. 12, 1986.

Dennis M. Stark, Richard S. Eynon, Richard S. Eynon, P.C., Columbus, for B & M Coal Corporation.

David O. Kelley, Boonville, for United Mine Workers of America.

Jack R. Robinson, Rockport, for Spencer County Clerk, Spencer County Auditor, Spencer County Council and Spencer County Board of Commissioners.

Linley E. Pearson, Atty. Gen., Thomas D. Strodtman, Deputy Atty. Gen., Indianapolis, amicus for appellees.

ON CIVIL PETITION TO TRANSFER

DICKSON, Justice.

Intervenors-appellees, the Spencer County Clerk, Spencer County Auditor, Spencer County Council and The Board of Commissioners of the County of Spencer ("Spencer County"), petition to transfer seeking review of an adverse decision of the Court of Appeals. *See, B & M Coal Corp. v. United Mine Workers* (1985), Ind.App., 480 N.E.2d 227. This case involves a dispute over interest earned on money deposited as an appeal bond with the Clerk of the Spencer Circuit Court and subsequently invested pursuant to Indiana law. Spencer County retained the interest earned on the investment pursuant to Ind.Code § 5–13–1–3.5(b). The trial judge approved of the county's retention of the accrued interest. The Court of Appeals reversed, holding that the litigants retained a protectable property right in the interest accrued on the invested funds, and thus the county's retention of that interest represented an impermissible taking under the Indiana and United States Constitutions. Petitioner contends that by holding Ind.Code § 5–13–1–3.5(b)

unconstitutional, the Court of Appeals erroneously decided a new question of law.

As *amicus curiae,* the State Board of Accounts urges that the decision of the Court of Appeals has essentially destroyed the incentive for county clerks throughout the state to invest moneys on deposit. The State argues that it is possible to address the issue of impermissible taking of private property without declaring the entire statute unconstitutional. We agree.

The material facts of this case were well summarized by the Court of Appeals as follows:

### FACTS

The present dispute is between Spencer County (County) and B & M but it arose out of litigation initiated by B & M against the United Mine Workers (U.M.W.). In December 1977, a labor dispute arose between B & M and its employees affiliated with U.M.W. The U.M.W. called a nationwide strike paralyzing coal mining in Indiana except for non-union operations along the Ohio River. These non-union operations precipitated unprovoked harassment from the union and B & M obtained a temporary restraining order to protect the workers. On January 7, 1978, B & M was raided by approximately 400 to 500 individuals, in violation of the court order, who caused extensive property damage to the premises. B & M sued the 191 people arrested at the scene and recovered a $173,873.09 judgment plus $10,117.72 in fees. The defendants sought to stay enforcement pending appeal and the court granted the stay on condition that $200,000 be deposited as an appeal bond. The U.M.W. and union members deposited a total of $160,-363.00 with the clerk. The Fourth District Court of Appeals affirmed the decision in part but remanded for a further hearing on damages. Cause number 1-379 A 63 (Ind.App.1980) 405 N.E.2d 82. Ultimately, B & M received a total judgment of $222,232.43.

The original deposit of $160,363 by the defendants was invested by the Spencer County Clerk from May 1979 to the **time of the bench trial in May 1984.** Until 1982, all interest accruing on the fund was deposited by the clerk into the County general fund pursuant to statutory authorization. On February 24, 1982, the court ordered that from this date interest accruing must be returned to the fund. From February 1982 on, interest accordingly was added to the principal and as of the date of the bench trial the bond totalled $191,876.97 which has since been paid to B & M. However, the balance of the judgment remains unpaid and uncollectible.

The parties agree that the only amount at issue is $34,440.43 which represents accrued interest from 1979 until the court's 1982 order. At the 1984 bench trial, B & M argued this amount belonged to it because of its unsatisfied judgment. However, the trial court agreed with the county, which intervened in 1982, and found the $34,440.43 belonged to the county pursuant to a provision in the Indiana Code.

Spencer County contends that it is entitled to retain the $34,440.43 pursuant to Ind.Code § 5–13–1–3.5(b) which provides:

(b) The clerk of any circuit court of this state may invest any or all of his total moneys on deposit. He shall invest this money in any or all of the kinds of investments permitted in this chapter. He shall credit interest on these investments to the county general fund of his county. [IC 5–13–1–3.5, as added by Acts 1975, P.L. 45, § 1; 1979, P.L. 38, § 1.]

In construing the above statute, we are guided by well known fundamental principles of Indiana law. Every statute stands before this Court cloaked with a presumption of constitutionality. *American National Bank and Trust Co. v. Indiana Dept. of Highways* (1982), Ind., 439 N.E.2d 1129; *State v. Cooper* (1839), Ind., 5 Blckf. 258. The statute should be construed so as to ascertain and give effect to the intentions of the legislature expressed in the statute. *City of Indianapo-*

lis v. Evans (1940), 216 Ind. 555, 24 N.E.2d 776. However, if there are two possible interpretations of a statute, and by one interpretation the statute would be valid but by the other invalid, the Court should adopt the interpretation which will uphold the statute. Book v. Board of Flood Control Comm'rs City of Indpls. (1959), 239 Ind. 160, 156 N.E.2d 87.

We must determine whether a county's retention of interest earned from funds deposited with the clerk, as permitted by statute, amounted to a "taking" prohibited by our federal and state constitutions. The Fifth Amendment of the Constitution of the United States includes the following prohibition:

> ... Nor shall private property be taken for public use, without just compensation.

Similarly, Article I, Section 21 of the Constitution of the State of Indiana includes the following:

> No person's property shall be taken by law, without just compensation; nor, except in case of the State, without such compensation first assessed and tendered.

A similar issue was the subject of the recent unanimous opinion of the Supreme Court of the United States in Webb's Fabulous Pharmacies, Inc. v. Beckwith (1980), 449 U.S. 155, 101 S.Ct. 446, 66 L.Ed.2d 358.

The Webb's case involved a dispute over interest earned on an interpleader fund deposited with a Florida circuit court while creditor's rights were being litigated. It held unconstitutional a Florida statute providing that all interest accruing from invested monies deposited with the court would become income to the office of the clerk of the circuit court. The decision in Webb's was expressly limited in application.

We hold that under the narrow circumstances of this case—where there is a separate and distinct state statute autho-

rizing a clerk's fee "for services rendered" based upon the amount of principal deposited; where the deposited fund itself concededly is private; and where the deposit in the court's registry is required by state statute in order for the depositor to avail itself of statutory protection from claims of creditors and others— Seminole county's taking unto itself, under Section 28.33 and 1973 FLA Laws, ch 73–282, the interest earned on the interpleader fund while it was in the registry of the court was a taking violative of the Fifth and Fourteenth Amendments. We express no view as to the constitutionality of a statute that prescribes a county's retention of interest earned, where the interest would be the only return to the county for services it renders.

449 U.S. at 164, 165, 101 S.Ct. at 452, 66 L.Ed.2d at 367. Preceding this narrow limitation of its holding, however, the opinion reasoned that when the deposited funds are strictly private in nature, and deposited with the court either voluntarily, by stipulation, or by order of the court, such funds retain their status as private funds. Any interest accrued on the funds in excess of any authorized fee charged by the clerk's office "follows the principal and is to be allocated to those who are ultimately to be the owners of that principal." 449 U.S. at 162, 101 S.Ct. at 451, 66 L.Ed.2d at 365. "The earnings of a fund are incidents of ownership of the fund itself and are property just as the fund itself is property." 449 U.S. at 164, 101 S.Ct. at 452, 66 L.Ed.2d at 366.

Unlike the Florida statutes reviewed in Webb's, Indiana's statutes do not authorize county clerks to charge a fee for the services rendered in receiving and maintaining appeal bond funds.[1] Thus, while the express holding in Webb's is not determinative in the case at bar, we find that its reasoning applies. The appeal bond was clearly private in nature, and any resulting

---

1. We approve of the Court of Appeals' rejection of the Petitioner's argument that, because it never extracted a fee for the investment services it rendered, the $34,440.43 should be retained by the county as payment for management of

the fund. However, current Indiana law does not expressly authorize such a fee, and we cannot imply such authorization in I.C. § 5–13–1–3.5(b).

interest earnings must follow the principal and be distributed to the ultimate owners of the fund.

■ The language of Ind.Code § 5–13–1–3.5(b) is not an unrestricted authorization to invest *all* funds. The act only allows the clerk to invest any or all of "his" total moneys on deposit. The constitutionality of the statute may be upheld and reconciled with the *Webb's* rationale by construing the phrase "his total moneys," as used in Ind. Code § 5–13–1–3.5(b), to be equivalent to the term "public funds" as defined in Ind. Code § 5–12–1–1:

> (e) "Public funds" means and includes all funds coming into the possession of the treasurer of state, treasurer of the board of trustees of any state benevolent, penal or educational institution, all funds coming into the possession of any state officer by virtue of such office, and all funds coming into the possession of any local officer by virtue of such office, but shall not mean nor include funds coming into the possession of any public officer which are not *impressed with a public interest* nor *designed for a public use.* However, the term "public funds" shall mean and include all fees and funds of whatever kind or character received by judges or clerks of city courts by virtue of their offices.[2] (Emphasis added)

Such interpretation is consistent with the *Webb's* distinction between funds which are strictly private and those which possess substantial ancillary benefits to the court or county. In *Webb's,* the subject fund was described as follows:

> It was property held only for the ultimate benefit of Webb's creditors, not for the benefit of the court and not for the benefit of the county. And it was held

only for the purpose of making a fair distribution among those creditors.

449 U.S. at 161, 101 S.Ct. at 451, 66 L.Ed.2d at 365. Thus construed to permit retention of interest earned on deposited funds designed for a public use or impressed with a public interest, as distinguished from strictly private funds, Ind.Code § 5–13–1–3.5(b) passes constitutional muster.

By way of illustration, we observe that private funds such as those deposited in court pending resolution of conflicting claims thereto, or those deposited to protect a private party against loss pending further adjudication, are not within the meaning of "public funds" which the clerk may deposit and earn interest inuring to the county.[3] In contrast, such investment is permitted for fees, fines, penalties and forfeitures which are "designed for a public use." The same is true of bail bonds and criminal appeal bonds which serve to preserve the power, fairness and integrity of the criminal justice system. These are "impressed with a public interest," and thus may be considered "public funds" within the statutory authorization for investment by the clerk. Similarly, we view funds deposited for remittance as child and spousal support payments as substantially impressed with a public interest as evidenced by the continuing jurisdiction of courts in dissolution and support matters, and in statutes which impose criminal penalties for non-support of children and spouses.[4] Such funds may thus be deposited in interest-bearing accounts and the interest retained by the county pursuant to Ind.Code § 5–12–1–1.

■ By our decision in this case, we do not hold that a county is prohibited from investing and retaining interest from unclaimed funds received in payment of judg-

---

2. We note that the second sentence of the statute applies only to monies received by judges and clerks of *city* courts. We need not address whether interest earned on an appeal bond posted in a city court must follow the principal because the authorization to invest provided in I.C. § 5–13–1–3.5(b) expressly applies not to city courts but only to "the clerk of any circuit court."

3. In individual cases, a trial court, in the exercise of its inherent authority, may order the clerk to deposit private funds in an interest bearing account.

4. See Ind.Code §§ 35–46–1–5, 6.

ments or pursuant to proceedings supplemental. The applicable constitutional proscriptions apply to private property "taken". Where a person entitled to his private funds elects to allow such funds to remain in the care of the clerk, he is not subjected to an unconstitutional "taking," and is not entitled to interest earned thereon.

We agree with the Court of Appeals that Spencer County's retention of interest earned on the U.M.W. appeal bond constituted an impermissible taking. However, we further hold that Ind.Code § 5–13–1–3.–5(b) is constitutional when applied to funds designed for a public use or impressed with a public interest. Transfer granted and judgment reversed.

GIVAN, C.J., and DeBRULER and PIVARNIK, JJ., concur.

SHEPARD, J., dissents, as he does not regard the procedure invalidated today as constituting a taking under the Fifth Amendment.