INDIANA FIRE PREVENTION AND BUILDING SAFETY COMMISSION, and State Building Commissioner, Defendant–Appellants,

v.

ROSE ACRE FARMS, INC., Plaintiff–Appellee.

No. 88A01–8805–CV–143.

Court of Appeals of Indiana, First District.

Nov. 14, 1988.
Rehearing Denied Jan. 31, 1989.

Linley E. Pearson, Atty. Gen., James F. Schmidt, Deputy Atty. Gen., Indianapolis, for defendant-appellants.

Corinne R. Finnerty, McConnell & Finnerty, North Vernon, for plaintiff-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellants, Indiana Fire Prevention and Building Safety Commission and the State Building Commissioner (the Commission), appeal an adverse judgment rendered by the Washington Superior Court in favor of plaintiff-appellee, Rose Acre Farms, Inc. (Rose Acre), following its judicial appeal under the Administrative Adjudication Act, IND.CODE 4–22–1–1 to –30.

We affirm.

## STATEMENT OF THE FACTS

The Commission cited Rose Acre for violating a state law when it failed to submit plans and specifications of a repair garage, storage shed, and grader building as allegedly required under IND.CODE 22–11–1–1 to –36. The hearing officer and the Commission found that the buildings were not exempt as farm service buildings under the act. Rose Acre appealed to the Washington Superior Court under the Administrative Adjudication Act, IND.CODE 4–22–1–1 to –30, which upon review reversed the decision in favor of the Commission and held that the buildings were farm service buildings exempt from its authority. From that judgment this appeal was taken.

The undisputed facts are as follows. Rose Acre is a large multi-location egg producing farm operation utilizing extensive land holdings in Pulaski and Benton Counties in northwest Indiana. It maintains three to four million laying hens in order to produce eggs for sale to wholesalers and retail food chains. In addition, it sells chicken manure, a by-product of its operation, to farmers. Rose Acre does not in any way process the eggs or the manure produced by its chickens, and it does not produce any other product. Rose Acre is an integrated operation in that it raises its own chickens, cares for its laying hens, collects, washes, sorts the eggs by size, and places them in cartons for transportation to its customers. As an integral part of the operation Rose Acre owns and operates a repair garage, a storage shed, and an egg grader building.

The repair garage located on U.S. 231 at State Road 16 near Rensselaer, houses several mechanics whose duties include repairing and storing various items of farm machinery and trucks in use at the various locations of the enterprise. The equipment stored or serviced includes tractors, bush hogs, manure spreaders, manure loaders, chicken feed tractors and trailers, three tractor trailers with dump trailers used for hauling manure, pullet trucks, three farm trucks, and nine tractors and 15 semi-trailers used for transporting the eggs to market.

The storage shed is located at the Pulaski County egg farm. It has been variously used as a temporary office and storage shed, and is used as an emergency repair shop for equipment in use in the chicken houses, grader area, and manure disposal and spreading operation. Also stored in it are obsolete egg cartons.

The grader building, located in Newton County at the junction of State Road 16 and State Road 55, is a part of a chicken house complex located on an egg farm. The eggs are transported on conveyer belts, washed, inspected, sorted by size, and placed in cartons after which they are loaded on trucks for delivery to customers.

## ISSUE

The central issue in this appeal is whether the repair garage, storage shed, and

grader building are farm service buildings. If so, they are exempt from the regulations of the Commission. Subsidiary issues relate to whether the trial court reweighed the evidence and substituted its judgment for that of the Commission. We will discuss these issues together.

## DISCUSSION AND DECISION

### Standard of Review

The Administrative Adjudication Act provides a procedure for judicial review of rulings made by an administrative agency. As relevant here, IND.CODE 4–22–1–18 states the following:

On such judicial review such court shall not try or determine said cause de novo, but the facts shall be considered and determined exclusively upon the record filed with said court pursuant to this act. [4–22–1–1 to –30].

On such judicial review, if the agency has complied with the prodedural requirements of this act, and its finding, decision or determination is supported by substantial, reliable and probative evidence, such agency's finding, decision or determination shall not be set aside or disturbed.

If such court finds such finding, decision or determination of such agency is:

(1) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or

(2) Contrary to constitutional right, power, privilege or immunity; or

(3) In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or

(4) Without observance of procedure required by law; or

(5) Unsupported by substantial evidence,

the court may order the decision or determination of the agency set aside. The court may remand the case to the agency for further proceedings and may compel agency action unlawfully withheld or unreasonably delayed.

When considering the factual issues decided by the agency, the trial court's inquiry is limited to determining whether there is any substantial evidence to support the agency's decision. The trial court may not reweigh the evidence that was before the agency, and should reverse the agency's determination only if the evidence and finding is undisputed and only one decision can follow. *State ex rel. Department of Natural Resources v. Lehman* (1978), 177 Ind. App. 112, 378 N.E.2d 31. In that case we stated:

In our opinion, where a reasonable person would conclude that the evidence as presented, with its logical and reasonable inferences, was of such a substantial character and probative value so as to support the administrative determination, then the substantial evidence standard required by IC 4–22–1–18 has been met. Substantial evidence requires something more than a scintilla and something less than a preponderance of the evidence. The administrative determination must be soundly based in evidence and inferences flowing therefrom. (Footnotes omitted.)

*Id.* at 119, 378 N.E.2d at 36.

### Farm Service Buildings .

A regulatory scheme exists in Indiana concerning construction, repair, and maintenance of certain buildings which regulations are enforced by the State Building Commissioner. IND.CODE 22–11–1–9. Exempted from the regulatory scheme are "... bridges, one (1) or two (2) family private residences and outbuildings in connection therewith, including farms, private garages, and *farm service buildings.*" (Emphasis added.) *Id.*[1]

As relevant here IND.CODE 22–11–1–1 states:

As used in this chapter, unless otherwise provided: (a) The term "place of employment" means every place, wheth-

---

1. IC 22–11–1 was repealed and replaced by P.L. 245–1987 effective July 1, 1987. The requirement for plan filing is found in IC 22–15–3 and pertinent definitions in IC 22–12–1. While the result should be the same under either statute, this case is governed by the old law as found in IC 22–11–1 which was in existence in 1986.

er indoors or out or underground and the premises appurtenant thereto where either temporarily or permanently any industry, trade or business, is carried on, or where any process or operation, directly or indirectly related to any industry, trade or business, is carried on, and where any person is directly or indirectly employed by another for direct or indirect gain or profit, but shall not include any *farm service buildings* or private residences;

(b) *The term "farm service building" means any building or structure which is used for agricultural purposes on the land on which the buildings or structures are located: Provided, That the buildings or structures are not used in the business of retail trade;*

(c) The term "agricultural purposes" means farming, dairying, pasturage, apiculture, horticulture, floriculture, vitaculture, ornamental horticulture, olericulture, pomiculture and animal and *poultry husbandry;* (Emphasis added.)

The Commission argues that since no agricultural activity occurred in the repair garage, the activity there being limited to the repair and storage of farm implements and trucks, the building was not used for agricultural purposes. Similarly, since the grader building and the storage shed had no chickens, manure, feed, or agricultural equipment, they were not used for agricultural purposes and were not entitled to the exemption. The Commission concludes its argument by stating that IND.CODE 22–11–1–1 to –36 is social legislation and therefore must be liberally construed. *State v. Kokomo Tube Co.* (1981), Ind. App., 426 N.E.2d · 1338. The Commission does not contend that the buildings were not an integral part of the egg production process.

The trial court found that the undisputed evidence in the record revealed that each of the three structures in question was an integral part of the on-going egg production process during which eggs were produced, packaged, and shipped by Rose Acre. The trial court found that there was no justification in the statute to divide and separate Rose Acre's operation into parts separate from one another. We agree.

■ As seen, the statute defines farm service buildings as any building or structure which is used for agricultural purposes including poultry husbandry. The mere phrase "farm service building" suggests some connected, support, auxiliary, or logistical type activity as is involved here. For Workmen's Compensation purposes agriculture has been defined as "the art or science of cultivating the soil, including the planting of seed, the harvesting of crops and the raising, feeding, and management of livestock or poultry." *Fleckles v. Hille* (1925), 83 Ind.App. 715, 716, 149 N.E. 915. In *Fleckles* the compensation claims grew out of an injury sustained while feeding chickens. Agriculture includes every process and step necessary and incident to the completion of products therefrom for consumption or market and the incidental turning of them to account. 3 Am.Jur.2d *Agriculture* § 1 at 934 (1986). *See also Southard v. Biddle* (1957), Ky., 305 S.W.2d 762; *Deutschmann v. Board of Appeals of Canton* (1950), 325 Mass. 297, 90 N.E.2d 313; *Moulton v. Building Inspector of Milton* (1942), 312 Mass. 195, 43 N.E.2d 662. The size and nature of a farming operation does not remove it from the exemptions granted to an agricultural enterprise. *Brooke Y. Fidler v. Zoning Board of Adjustment* (1962), 408 Pa. 260, 182 A.2d 692. Indeed, the Commission makes no contention that it does.

In our opinion the Commission's interpretation of the relevant statutes is without merit. Had the legislature intended such a bifurcated approach to the statutory scheme it would have stated so. It did not. It is not our prerogative to engraft upon the statute by judicial fiat additional burdens. Should such additional regulations be desired, the Commission should present this matter to the legislature.

■ We therefore hold that under IND. CODE 22–11–1–1 a farm service building includes any auxiliary building, repair garage, storage shed, or grading building

whose use is an integral part of a farm operation. This cause is affirmed.

JUDGMENT AFFIRMED.

RATLIFF, C.J., and GARRARD, P.J., concur.