John F. HANLEY, Barbara Glass, and Gigi Marks, All Acting as the Indiana Alcoholic Beverage Commission, Appellant–Respondent,

v.

EASTERN INDIANA INVESTMENT CORP., Narenda Nakore, Appellee–Petitioner.

No. 49A04–9803–CV–171.

Court of Appeals of Indiana.

Feb. 26, 1999.

Publication Ordered March 4, 1999.

---

Jeffrey A. Modisett, Attorney General of Indiana, Rachel Zaffrann, Deputy Attorney General, Indianapolis, Indiana, Attorney for Appellant:

Robert A. Durham, Rocap, Witchger & Threlkeld, Indianapolis, Indiana, for Appellee:

## OPINION

STATON, Judge.

The Indiana Alcoholic Beverage Commission ("ABC") appeals the reversal of its order denying the renewal of the East Indiana Investment Corporation's ("EIIC") alcoholic beverage permit. The ABC raises one issue on appeal, which we restate as: whether the trial court erred by concluding that there was insufficient evidence to support the ABC's decision to deny EIIC's permit.

We affirm.

EIIC owns an Indianapolis hotel known as the Fairgrounds Inn, which has a bar on the premises. In December 1993, EIIC sought to renew its alcoholic beverage permit. At a hearing before the local alcoholic beverage board, an officer from the Indianapolis Police Department testified that there were 124 police reports related to the hotel in 1992, 1993, and 1994. Of these 124 reports, fifteen of the incidents involved guns and three involved knives. There were forty-seven arrests during this period. The police responded to calls involving murder, rape, assault, narcotics, gambling, and prostitution. The local alcoholic beverage board voted to deny EIIC's application for renewal.

EIIC appealed the local board's decision to the ABC. The hearing officer took notice of the ABC file, which included a transcript of the hearing before the local board. Evidence of police runs, in addition to those provided to the local board, was also introduced. The hearing officer recommended that the renewal be denied. Although the ABC did not accept all of the hearing officer's findings and conclusions, it did agree that EIIC's renewal application should be denied. Specifically, the ABC found that the police reports regarding the criminal activity at the hotel during 1992, 1993, and 1994 permitted an inference that EIIC was "not of good moral character nor of high esteem in the community." Record at 34. EIIC sought review of the ABC's denial in the Marion Superior Court. The trial court found that the police reports were insufficient to establish that EIIC is not of good moral character because no evidence showed a nexus between EIIC and the criminal conduct described by the reports. ABC appeals.

Judicial review of an administrative decision is limited to determining whether the agency lacked subject matter jurisdiction

or employed improper procedures or whether the decision was unsupported by substantial evidence, was arbitrary or capricious, or was in violation of a constitutional, statutory, or legal principle. *John Malone Enterprises v. Schaeffer,* 674 N.E.2d 599, 605 (Ind.Ct.App. 1996). The court must review the record in the light most favorable to the administrative proceedings and cannot reweigh the evidence. *Id.* The party asserting the invalidity of the agency action bears the burden of establishing its invalidity. *Id.* When reviewing a decision of an administrative agency, appellate courts stand in the same position as the trial court. *Id.* We will not reverse an administrative finding of fact unless it conclusively appears that the evidence upon which the decision was made was devoid of probative value or so proportionately inadequate that the finding could not rest on a rational basis. *Indiana Alcoholic Beverage Comm. v. River Road Lounge, Inc.,* 590 N.E.2d 656, 658 (Ind.Ct.App.1992), *trans. denied.*

Pursuant to administrative regulation, the ABC may consider a permittee's moral character and reputation in determining whether to renew an alcoholic beverage permit. IND. ADMIN. CODE tit. 905, r. 1–27–1 (1996). In determining the permittee's moral character, the ABC:

> shall consider whether acts or conduct of the applicant, permittee or his employees or agents, would constitute action or conduct prohibited by the Indiana Penal Code (I.C. 35–41–1–1 et. seq.), or a criminal offense under the laws of the United States. The Commission may also consider the esteem in which the person is held by members of the community, and such assessment of his character may reasonably be inferred from police reports, evidence admitted in court and commission proceedings, information contained in public records and other sources of information as permitted by I.C. 7.1–3–19–8 and I.C. 7.1–3–19–10.

905 IAC 1–27–1. The ABC found that the continuing pattern of criminal activity at the hotel, in conjunction with EIIC's failure to take action to reduce the amount of criminal activity at the hotel, allowed the inference

that EIIC is not of good moral character or held in high esteem by the community.

■ The trial court found, and we agree, that evidence of a substantial number of police runs to the hotel, standing alone, does not support the inference that EIIC is not of good moral character or held in high esteem by the community. We find the trial court's reasoning persuasive:

> In order to deny a permit there must be a nexus between the criminal conduct and the applicant's moral character. If the record showed that the permit holder knew a certain drug dealer was utilizing its hotel to carry on drug trafficking, and took no steps to prevent it, this would allow an inference that the applicant was not of good moral character. The arrest of the same person for prostitution, in the permit premise, on numerous occasions would allow one to infer that the permittee was not of good moral character. None of the reports filed show that the applicant was accused of any wrong doing or engaging in any criminal conduct. Nor do the reports give rise to an inference that the permittee had knowledge of or permitted ongoing criminal conduct. The only report concerning the applicant was one involving an employee who ran the restaurant at the hotel. The record reflects that when made aware of this incident East Indiana terminated its relationship with the manager.

Record at 599.

■ We add that EIIC's failure to increase security at the Fairgrounds Inn does not support an inference that EIIC acquiesced in the criminal activity. Although an increase in security seems appropriate given the disturbing amount and character of the criminal activity that occurs at the hotel, we cannot conclude that EIIC's failure to make such a business decision reflects on its moral character.

■ Finally, ABC contends on appeal that two incidents where EIIC employees allegedly violated state alcoholic beverage laws reflect on EIIC's moral character. First, a restaurant employee was cited by an excise officer for serving alcohol without the appropriate permit or questionnaire on file. The

hearing officer found that these citations were later dismissed. A second citation was issued when an excise officer found an employee selling alcohol on Sunday. EIIC's permit did not allow Sunday sales. We hold that these isolated incidents are insufficient to permit an inference that EIIC lacked good moral character or is not held in high esteem by the community.

Affirmed.

RILEY, J., and BROOK, J., concur.